## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**DAVID AUSTIN ROSES LIMITED,**

      **Plaintiff,**

      **v.**

**GCM RANCH LLC, MIO REN, SPROUTIQUE LLC DBA ZEPHYR GARDEN, YUANYUAN LIU, FEIFEI ZHUO, AND JOSE JAMIES,**

      **Defendants.**

**Case No. 3:24-cv-882**

## COMPLAINT

      Plaintiff David Austin Roses Limited ("David Austin" or "Plaintiff"), by and through its undersigned counsel, brings this civil action seeking damages and injunctive relief against GCM Ranch LLC and Mio Ren (collectively "GCM Ranch"), Sproutique LLC dba Zephyr Garden and YuanYuan Liu (collectively "Zephyr Garden"), and Feifei Zhuo and Jose Jaimes (collectively "Ergongzi"), all of whom are collectively referred to herein as "Defendants." In support thereof, David Austin makes the following allegations based upon information or belief, except to allegations specially pertaining to itself, which are based on personal knowledge.

## Nature of the Case

      1.    This is an action for willful Patent Infringement, Trademark Infringement, Unfair Competition, and False Advertising relating to Defendants' illegal propagation of plants protected by U.S. Plant Patents, including No. PP17159, No. PP22947, and No. PP26676, *inter alia*; and the offer for sale and/or sale of such plants under trademarks held by Plaintiff, including U.S. Trademark Registration Nos. 4821246, 4802803, and 4821248, and other

registrations and common law trademarks, *inter alia*; and using copyright protected material of Plaintiff to make such sales.

## The Parties

2.      Plaintiff David Austin Roses Limited is private limited company organized under the laws of the United Kingdom, with an address of Bowling Green Lane, Albrighton, Wolverhampton, United Kingdom WV7 3HB.

3.      On information and belief, Defendant GCM Ranch LLC is a limited liability company organized on January 19, 2022, under the laws of the State of Texas with an address of 13318 S Interstate 45, Richland, Texas 76681-4392, which company operates the website www.GCMRanch.com and the Etsy shop https://www.etsy.com/shop/GcmRanch?ref=shop_sugg_market.

4.      On information and belief, Defendant Mio Ren is an individual and resident of the State of Texas who owns and/or operates Defendant GCM Ranch LLC and promotes the business of this Defendant on Instagram (@gcmranch) and Facebook (https://www.facebook.com/groups/2041323319365491/).

5.      On information and belief, Defendant Sproutique LLC is a limited liability company organized on November 5, 2021, under the laws of the State of Texas with an address of 17350 State Hwy 249, Ste 220, Houston, Texas 77064-1132, which company does business as "Zephyr Garden" and operates the website https://zephyr-garden.com/ and the Etsy shop https://www.etsy.com/shop/ZephyrGarden?ref=shop_sugg_market.

6.      On information and belief, Defendant YuanYuan Liu is an individual and resident of the State of Texas with an address of 2300 W McDermott Dr, Ste 200-281, Plano, Texas 75025, who owns and/or operates Defendant Sproutique LLC and promotes

the business of this Defendant.

7.      On information and belief, Defendant Feifei Zhuo is an individual and resident of the State of Texas with an address of 11919 Manchaca Rd, Lot 17, Austin, Texas 78748, who is doing business as "Ergongzi," "Ergongziroses," "Ergongzy," and "Ergongzy Roses," and who operates the website www.ergongzy.com; the Etsy shops https://www.etsy.com/shop/Ergongzi?ref=shop_sugg_market and https://www.etsy.com/shop/Ergongziroses?ref=shop_sugg_market; the YouTube page https://www.youtube.com/channel/UCwOBphmgW_lrMu5JFcEzisw; and the Instagram account @ErgongzyRoses.

8.      On information and belief, Defendant Jose Jaimes is an individual and resident of the State of Texas with an address of 11919 Manchaca Rd, Lot 17, Austin, Texas 78748, who is doing business as "Ergongzi," "Ergongziroses," "Ergongzy," and "Ergongzy Roses," and who operates the website www.ergongzy.com; the Etsy shops https://www.etsy.com/shop/Ergongzi?ref=shop_sugg_market and https://www.etsy.com/shop/Ergongziroses?ref=shop_sugg_market; the YouTube page https://www.youtube.com/channel/UCwOBphmgW_lrMu5JFcEzisw; and the Instagram account @ErgongzyRoses.

## Jurisdiction and Venue

9.      This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq.*, and in particular, 35 U.S.C. §§ 271 and 281-285; and the U.S. trademark laws, codified at 15 U.S.C. § 1051 *et seq*.

10.    This Court has federal question jurisdiction over the subject matter of this action under 15 U.S.C. § 1121; 28 U.S.C § 1331; and 28 U.S.C. § 1338.

11.    This Court has personal jurisdiction over Defendant GCM Ranch LLC because it is incorporated in this state, it does business in this state and district, and because the actions described herein took place in this state and in this district.

12.    This Court has personal jurisdiction over Defendant Mio Ren because this individual is a resident of this state, does business in this state and district, and because the actions described herein took place in this state and in this district.

13.    This Court has personal jurisdiction over Defendant Sproutique LLC because it is incorporated in this state, it does business in this state and district, and because the actions described herein took place in this state and in this district.

14.    This Court has personal jurisdiction over Defendant YuanYuan Liu because this individual is a resident of this state, does business in this state and district, and because the actions described herein took place in this state and in this district.

15.    This Court has personal jurisdiction over Defendant Feifei Zhou because this individual is a resident of this state, does business in this state and district, and because the actions described herein took place in this state and in this district.

16.    This Court has personal jurisdiction over Defendant Jose Jaimes because this individual is a resident of this state, does business in this state and district, and because the actions described herein took place in this state and in this district.

17.    Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b) and (c) because the facts giving rise to the claims alleged herein occurred in this judicial district.

### David Austin's Patents and Trademarks

18.    David Austin has been breeding beautiful and popular English roses since 1961.

19.     David Austin owns U.S. Plant Patents covering many of its proprietary rose plant varieties, including but not limited to the following that form the basis for this complaint:

a.  U.S. Patent No. PP32874 P2 for the 'Ausgray' variety (Ex. A);

b.  U.S. Patent No. PP27349 for the 'Ausweather' variety (Ex. B);

c.  U.S. Patent No. PP19876 P2 for the 'Ausbernard' variety (Ex. C);

d.  U.S. Patent No. PP32531 P2 for the 'Auswagsy' variety (Ex. D);

e.  U.S. Patent No. PP17267 for the 'Ausimmon' variety (Ex. E);

f.  U.S. Patent No. PP25042 for the 'Auswasher' variety (Ex. F);

g.  U.S. Patent No. PP32662 P2 for the 'Ausimage' variety (Ex. G);

h.  U.S. Patent No. PP29958 for the 'Ausapply' variety (Ex. H);

i.  U.S. Patent No. PP26677 for the 'Ausyacht' variety (Ex. I);

j.  U.S. Patent No. PP22206 for the 'Auschariot' variety (Ex. J);

k.  U.S. Patent No. PP22171 for the 'Ausnyson' variety (Ex. K);

l.  U.S. Patent No. PP24462 for the 'Auschris' variety (Ex. L);

m.  U.S. Patent No. PP19254 for the 'Auspastor' variety (Ex. M);

n.  U.S. Patent No. PP17159 for the 'Ausjameson' variety (Ex. N);

o.  U.S. Patent No. PP26365 for the 'Auslevity' variety (Ex. O);

p.  U.S. Patent No. PP22947 for the 'Ausboxer' variety (Ex. P);

q.  U.S. Patent No. PP26676 for the 'Austruss' variety (Ex. Q);

r.  U.S. Patent No. PP19828 P2 for the 'Ausmerchant' variety (Ex. R);

s.  U.S. Patent No. PP26363 for the 'Auspluto' variety (Ex. S);

t.  U.S. Patent No. PP17553 for the 'Austango' variety (Ex. T);

u.  U.S. Patent No. PP32981 P2 for the 'Ausegdon' variety (Ex. U);

v.  U.S. Patent No. PP27364 for the 'Auswhirl' variety (Ex. V;

w.  U.S. Patent No. PP29927 for the 'Ausowlish' variety (Ex. W);

x.  U.S. Patent No. PP22032 for the 'Ausjosiah' variety (Ex. X).

(hereinafter, the "David Austin Patents").

20.     David Austin marks its products with the relevant patent numbers and lists the relevant patent numbers on its marketing materials, such as its website, thereby putting the public on constructive notice that its products are patented.

21.    Plaintiff possesses all rights under the David Austin Patents, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.  Copies of these patents are attached as Exhibits A-X.

22.    David Austin also owns U.S. Trademarks and Trademark Registrations, under which it sells many of its rose varieties, including but not limited to the following that form the basis for this complaint:

a. **JULIET**® (Reg. No. 4821246), under which the 'Ausjameson' variety is sold.

b. **KEIRA**® (Reg. No. 4802803), under which the 'Ausboxer' variety is sold.

**c. EDITH**® (Reg. No. 4821247), under whish the 'Auspluto' variety is sold.

d. **CONSTANCE**® (Reg. No. 4821248), under which the 'Austruss' variety is sold.

e. **EFFIE**® (Reg. No. 6183410), under which the 'Ausgray' variety is sold.

f. **DARCEY**® (Reg. No. 4785615), under which the 'Auschariot' variety is sold.

g. **CHARITY**® (Reg. No. 4825590), under which the 'Auswasher' variety is sold.

h. **EUGENIE**® (Reg. No. 6183409), under which the 'Ausimage' variety is sold.

i. **BEATRICE**® (Reg. No. 4821249), under which the 'Auslevity' variety is sold.

j. **LEONORA**® (Reg. No. 6433414), under which the 'Auswagsy' variety is sold.

k. **PATIENCE**® (Reg. No. 4821251), under which the 'Auspastor' variety is sold

l. **TESS**® (Reg. No. 4825588), under which the 'Ausyacht' variety is sold.

m. **CAREY**® (Reg. No. 4821250), under which the 'Ausweather' variety is sold.

n. **MIRANDA**® (Reg. No. 4821245), under which the 'Ausimmon' variety is sold.

o. **CAPABILITY**® (Reg. No. 6126260), under which the 'Ausapply' variety is sold.

p. **KATE**™, a common law trademark under which the 'Auschris' variety is sold.

q. **GEOFF HAMILTON**™, a common law trademark under which the 'Ausham' variety is sold.

r. **SUMMER SONG**™, a common law trademark under which the 'Austango' variety is sold.

s. **MUNSTEAD WOOD**™, a common law trademark under which the 'Ausbernard' variety is sold.

t. **ABRAHAM DARBY**® (Reg. No. 1638561), under which the 'Auscot' variety is sold.

u. **CROWN PRINCESS MARGARETA**® (Reg. No. 2965640), under which the 'Auswinter' variety is sold.

v. **LADY OF SHALOTT™**, a common law trademark under which the 'Ausnyson' variety is sold.

w. **SPIRIT OF FREEDOM™**, a common law trademark under which the 'Ausbite' variety is sold.

x.  **PRINCESS ALEXANDRA OF KENT™**, a common law trademark under which the 'Ausmerchant' variety is sold.

y.  **AMBRIDGE ROSE™**, a common law trademark under which the 'Auswonder' variety is sold.

z. **THE ALNWICK ROSE®** (Reg. No. 3190659), under which the 'Ausgrab' variety is sold.

aa. **EUSTACIA VYE™**, a common law trademark under which the 'Ausegdon' variety is sold.

bb. **GLAMIS CASTLE™**, a common law trademark under which the 'Auslevel' variety is sold.

cc. **THE POET'S WIFE™**, a common law trademark under which the 'Auswhirl' variety is sold.

dd. **ROALD DAHL™**, a common law trademark under which the 'Ausowlish' variety is sold.

ee. **JUBILEE CELEBRATION®** (Reg. No. 3207256), under which the 'Aushunter' variety is sold.

ff. **THE WEDGWOOD ROSE™,** a common law trademark under which the 'Ausjosiah' variety is sold.

gg. **DAVID AUSTIN®** (Reg. No. 2706235), under which all of these varieties are sold.

(hereinafter, the "David Austin Trademarks").

23.    Each of the David Austin Trademark are distinctive and protectable. Plaintiff possesses all rights under the David Austin Trademarks, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.  Copies of these registrations are attached as Exhibit Y.

24.    David Austin promotes and sells its roses protected by the David Austin Patents and bearing the David Austin Trademarks through authorized retailers throughout the United States, and through its own catalog and websites, available at the following links: https://www.davidaustinroses.com/pages/shop-online and https://www.davidaustin.com/our-

roses/. Its website contains many original photographs showcasing the products, as well as original descriptions of the products offered. David Austin owns the copyright relating to these original marketing materials created and utilized to promote its roses.

25. David Austin has spent considerable resources developing and promoting its rose plants and the associated patents, trademarks, and copyrights, and these properties are some of Plaintiff's most valuable assets.

**Defendant's Infringing Production, Import, Offer for Sale, and/or Sale of Plant Material**

26. Upon information and belief, the Defendants operate nursery and garden businesses that propagate, promote, offer for sale, and sell rose plants.

27. All of the Defendants operate online retail shops on the Etsy.com shopping platform, and/or their own websites, through which each Defendant is promoting, offering for sale, and selling roses that were originally bred and introduced by David Austin, many of which are protected by the David Austin Patents, many of which bear the David Austin Trademarks, and many of which copy David Austin's proprietary product images, all without authorization from David Austin.

28. GCM Ranch is promoting, offering for sale, and selling roses that are protected by the David Austin Patents and which bear the David Austin Trademarks, namely, **BEATRICE®** the 'Auslevity' variety rose protected by U.S. Patent No. PP26365; **CAREY®** the 'Ausweather' variety rose protected by U.S. Patent No. PP27349; **CONSTANCE®** the 'Austruss' variety rose protected by U.S. Patent No. PP26676; **EFFIE®** the 'Ausgray' variety rose protected by U.S. Patent No. PP32874 P2; **JULIET®** the 'Ausjameson' variety protected by U.S. Patent No. PP17159; **KEIRA®** the 'Ausboxer' variety rose protected by U.S. Patent No. PP22947; **LEONORA®** the 'Auswagsy' variety rose protected by U.S. Patent No. PP32531 P2;

**PATIENCE**® the 'Auspastor' variety rose protected by U.S. Patent No. PP19254;

**MIRANDA**® the 'Ausimmon' variety rose protected by U.S. Patent No. PP17267; and **SPIRIT**

**OF FREEDOM**™ the 'Ausbite' variety rose, all without authorization from David Austin.

29.    Some of the David Austin Trademarks appear on the GCM Ranch Etsy page and

website under their English names; others appear as translated into Chinese characters.

30.    GCM Ranch also copied its product images for at least the **LEONORA**® and

**MIRANDA**® roses from the David Austin website for these same roses.



31.     Upon information and belief, GCM Ranch has, through its Etsy shop alone, sold no less than 648 rose plants that were illegally propagated and/or imported, in violation of Plaintiff's U.S. patent rights, and that were sold through the illegal use of Plaintiff's copyright and trademark rights.  On information and belief, prices for those roses range from about $60 to over $100, with an average selling price that exceeds $70 per rose, thus providing Defendants with revenue of over $45,000 from their illegal activities.

32.     Zephyr Garden is promoting, offering for sale, and selling roses that are protected by the David Austin Patents and which bear the David Austin Trademarks, namely, **JULIET**® the 'Ausjameson' variety rose protected by U.S. Patent No. PP17159; **CONSTANCE**® the 'Austruss' variety rose protected by U.S. Patent No. PP26676; **EUGENIE**® the 'Ausimage' variety rose protected by U.S. Patent No. PP32662 P2; **KEIRA**® the 'Ausboxer' variety rose protected by U.S. Patent No. PP22947; **CONSTANCE**® the 'Austruss' variety rose protected by U.S. Patent No. PP26676; **MIRANDA**® the 'Ausimmon' variety rose protected by U.S. Patent No. PP17267; **CAREY**® the 'Ausweather' variety rose protected by U.S. Patent No. PP27349; **BEATRICE**® the 'Auslevity' variety rose protected by U.S. Patent No. PP26365; **TESS**® the 'Ausyacht' variety rose protected by U.S. Patent No. PP26677; **LEONORA**® the 'Auswagsy' variety rose protected by U.S. Patent No. PP32531 P2; **CAPABILITY**® the 'Ausapply' variety rose protected by U.S. Patent No. PP29958; **DARCEY**® the 'Auschariot' variety rose protected by U.S. Patent No. PP22206; **KATE**™ the 'Auschris' variety rose protected by U.S. Patent No. PP24462; **EFFIE**® the 'Ausgray' variety rose protected by U.S. Patent No. PP32874 P2; **ABRAHAM DARBY**® the 'Auscot' variety rose, all without authorization from David Austin.

33.     Upon information and belief, Zephyr Garden has, through its Etsy shop alone, sold no less than 24 rose plants that were illegally propagated and/or imported, in violation of Plaintiff's U.S. patent rights, and that were sold through the illegal use of Plaintiff's copyright and trademark rights.  On information and belief, prices for those roses range from about $60 to over $100, with an average selling price that exceeds $70 per rose, thus providing Defendants with revenue of over $1,600 from their illegal activities.

34.     Ergongzi is promoting, offering for sale, and selling roses that are protected by the David Austin Patents and which bear the David Austin Trademarks, namely, **ABRAHAM DARBY**® the 'Auscot' variety rose; **AMBRIDGE ROSE**™ the 'Auswonder' variety rose; **BEATRICE**® the 'Auslevity' variety rose protected by U.S. Patent No. PP26365; **CAREY**® the 'Ausweather' variety rose protected by U.S. Patent No. PP27349; **CHARITY**® the 'Auswasher' variety rose protected by U.S. Patent No. PP25042; **CONSTANCE**® the 'Austruss' variety rose protected by U.S. Patent No. PP26676; **CROWN PRINCESS MARGARETA**® the 'Auswinter' variety rose; **DARCEY**® the 'Auschariot' variety rose protected by U.S. Patent No. PP22206; **EDITH**® the 'Auspluto' variety rose protected by U.S. Patent No. PP26363; **EFFIE**® the 'Ausgray' variety rose protected by U.S. Patent No. PP32874 P2; **EUGENIE**® the 'Ausimage' variety rose protected by U.S. Patent No. PP32662 P2; **GEOFF HAMILTON**™ the 'Ausham' variety rose; **GLAMIS CASTLE™** the 'Auslevel' variety rose; **JUBILEE CELEBRATION**® the 'Aushunter' variety rose; **JULIET**® the 'Ausjameson' variety protected by U.S. Patent No. PP17159; **KEIRA**® the 'Ausboxer' variety rose protected by U.S. Patent No. PP22947; **LADY OF SHALOTT**™ the 'Ausnyson' variety protected by U.S. Patent No. PP22171; **LEONORA**® the 'Auswagsy' variety rose protected by U.S. Patent No. PP32531 P2; **MUNSTEAD WOOD™** the 'Ausbernard' variety rose protected

by U.S. Patent No. PP19876 P2; **PATIENCE**® the 'Auspastor' variety rose protected by U.S. Patent No. PP19254; **PRINCESS ALEXANDRA OF KENT™** the 'Ausmerchant' variety rose protected by U.S. Patent No. PP19828 P2; **SPIRIT OF FREEDOM™** the 'Ausbite' variety rose; **SUMMER SONG™** the 'Austango' variety rose protected by U.S. Patent No. PP17553; **TESS**® the 'Ausyacht' variety rose protected by U.S. Patent No. PP26677; **THE ALNWICK ROSE**® the 'Ausgrab' variety; and **THE WEDGWOOD ROSE™** the 'Ausjosiah' variety rose protected by U.S. Patent No. PP22032, all without authorization from David Austin.

35.     Some of the David Austin Trademarks appear on the Ergongzi Etsy page and website under their English names; others appear as translated into Chinese, Korean, and/or Japanese.

36.     Upon information and belief, Ergongzi has, through its Etsy shops alone, sold no less than 475 rose plants that were illegally propagated and/or imported, in violation of Plaintiff's U.S. patent rights, and that were sold through the illegal use of Plaintiff's copyright and trademark rights.  On information and belief, prices for those roses range from about $60 to over $100, with an average selling price that exceeds $70 per rose, thus providing Defendants with revenue of over $33,000 from their illegal activities.

37.     Some of the varieties sold by all of the Defendants are from David Austin's wedding collection, which are not commercially available as a plant, and therefore, could not have been obtained from any authorized source.

38.     On information and belief, the Defendants are acting in concert to illegally propagate and/or import plants of David Austin's protected varieties in bulk.  This is evident from the similarity of their product listings, as well as the close proximity of the Defendants to one another.

39.     On information and belief, Defendants had actual or constructive knowledge of the David Austin Patents and the David Austin Trademarks, and the infringement of these patent and trademark rights was willful.

40.     Defendants are benefiting financially from the unauthorized use of the David Austin Patents and the David Austin Trademarks

41.     Defendants are not authorized to use the David Austin Patents, the David Austin Trademarks, nor David Austin's proprietary product images, and they do not adhere to any guidelines utilized by David Austin and its authorized growers and sellers.  These actions divert customers away from legitimate, authorized sources of genuine David Austin roses, and therefore, cause harm to David Austin in the form of lost sales and reputational harm.

42.     David Austin has lost and continues to lose revenue from the diversion of customers away from away from legitimate, authorized sources of genuine David Austin roses.

<u>**COUNT I**</u>
**Willful Infringement of Each of the David Austin Patents**

43.     David Austin hereby adopts and incorporates by reference the allegations set forth in the preceding Paragraphs as though fully pleaded herein.

44.     The claim of each of the issued David Austin Patents is presumed valid pursuant to 35 U.S.C. § 282.

45.     GCM Ranch, Zephyr Garden, and Ergongzi are infringing claim 1 of U.S. Patent No. PP32874, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausgray' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP32874 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

46.    GCM Ranch, Zephyr Garden, and Ergongzi are infringing claim 1 of U.S. Patent No. PP27349, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausweather' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP27349 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

47.    Ergongzi is infringing claim 1 of U.S. Patent No. PP19876 P2, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausbernard' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP19876 P2 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

48.    GCM Ranch, Zephyr Garden, and Ergongzi are infringing claim 1 of U.S. Patent No. P32531 P2, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Auswagsy' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP32531 P2 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

49.    GCM Ranch and Zephyr Garden are infringing claim 1 of U.S. Patent No. PP17267, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausimmon' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP17267 through their continued asexual reproduction,

importation, use, offer for sale, and sale of such plants in the future.

50.     Ergongzi is infringing claim 1 of U.S. Patent No. PP25042, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Auswasher' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP25042 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

51.     Zephyr Garden and Ergongzi are infringing claim 1 of U.S. Patent No. PP32662, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausimage' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP32662 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

52.     Zephyr Garden is infringing claim 1 of U.S. Patent No. PP29958, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausapply' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP29958 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

53.     Zephyr Garden and Ergongzi are infringing claim 1 of U.S. Patent No. PP26677, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausyacht' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of

U.S. Patent No. PP26677 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

54.    Zephyr Garden and Ergongzi are infringing claim 1 of U.S. Patent No. PP22206, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Auschariot' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP22206 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

55.    Ergongzi is infringing claim 1 of U.S. Patent No. PP22171, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausnyson' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP22171 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

56.    Zephyr Garden is infringing claim 1 of U.S. Patent No. PP24462, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Auschris' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP24462 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

57.    GCM Ranch and Ergongzi are infringing claim 1 of U.S. Patent No. PP19254, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Auspastor' variety without license or authority, and by using, offering for sale, and selling such

plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP19254 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

58.    GCM Ranch, Zephyr Garden, and Ergongzi are infringing claim 1 of U.S. Patent No. PP17159, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausjameson' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP17159 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

59.    GCM Ranch, Zephyr Garden, and Ergongzi are infringing claim 1 of U.S. Patent No. PP26365, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Auslevity' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP26365 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

60.    GCM Ranch, Zephyr Garden, and Ergongzi are infringing claim 1 of U.S. Patent No. PP22947, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausboxer' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP22947 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

61.    GCM Ranch, Zephyr Garden, and Ergongzi are infringing claim 1 of U.S. Patent No. PP26676, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing

plants of the 'Austruss' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP26676 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

62.     Ergongzi is infringing claim 1 of U.S. Patent No. PP19828 P2, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausmerchant' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP19828 P2 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future

63.     Ergongzi is infringing claim 1 of U.S. Patent No. PP26363 in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Auspluto' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP26363 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

64.     Ergongzi is infringing claim 1 of U.S. Patent No. PP17553 in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Austango' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP17553 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

65.     Ergongzi is infringing claim 1 of U.S. Patent No. PP32981 P2, in violation of at

18

least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausegdon' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP32981 P2 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

66.     Ergongzi is infringing claim 1 of U.S. Patent No. PP27364 in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Auswhirl' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP27364 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future.

67.     Ergongzi is infringing claim 1 of U.S. Patent No. PP29927, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausowlish' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP29927 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future

68.     Ergongzi is infringing claim 1 of U.S. Patent No. PP22032, in violation of at least 35 U.S.C. § 163, by asexually reproducing and/or importing plants of the 'Ausjosiah' variety without license or authority, and by using, offering for sale, and selling such plants and/or parts thereof throughout the United States, and will continue to infringe claim 1 of U.S. Patent No. PP22032 through their continued asexual reproduction, importation, use, offer for sale, and sale of such plants in the future

69.     Defendants' infringement of each of the David Austin Patents is willful.

70.     As a result of Defendants' willful infringement of each of the David Austin Patents, Plaintiff has been damaged to an extent not yet determined.

71.     To avoid continued harm, Defendant should be enjoined, pursuant to 35 U.S.C. § 283, from any future infringing activities, including reproducing, importing, offering for sale, selling, and using any variety protected by a David Austin Patent.

72.     Plaintiff is additionally entitled to monetary damages adequate to compensate it for infringement by Defendants of each of the David Austin Patents, together with trebling of damages, interest, costs, and attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II
### Federal Trademark Infringement
### 15 U.S.C. § 1114

73.     David Austin hereby adopts and incorporates by reference the allegations set forth in the preceding Paragraphs as though fully pleaded herein.

74.     This claim is brought under 15 U.S.C. § 1114.

75.     Plaintiff has continuously and exclusively used David Austin Trademarks in the United States starting since at least as early as 2000.

76.     Plaintiff owns the federal trademark registrations for the David Austin Trademarks, which registrations are valid, subsisting, and in full force and effect.

77.     Plaintiff's use and registration of the David Austin Trademarks, in commerce in the United States for live plants, namely, roses, is prior to any date upon which any Defendants could rely as the first date on which Defendants used the same marks on the same products within the same industry.

78.     Defendants' use of the David Austin Trademarks, and their foreign

language equivalents, in commerce in connection with the sale or advertising of the same products offered within the same industry that it is likely to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendants to provide competing products, or that Defendants are in some way connected to or affiliated with Plaintiff.

79.     Any such confusion would result in injury or have a direct impact on Plaintiff's reputation and its ability to market its own products under its own registered marks.  Also, any defect, objection, or fault found with Defendants' products would negatively impact and seriously injure the reputation Plaintiff has established for the products it sells under its own registered marks.

80.     Defendants' activities are being carried out willfully, with constructive and actual notice of Plaintiff's prior rights and registrations.

81.     Defendants are liable for infringement of Plaintiff's federally registered marks in violation of 15 U.S.C. § 1114.

82.     Plaintiff is entitled to recover damages in an amount to be determined at trial, including profits made by Defendants on their sales of infringing products, and the costs of this action; also, because Defendants' activities are willful, this is an exceptional case entitling Plaintiff to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

83.     Plaintiff has been and will continue to be irreparably injured by Defendants' conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against

Defendants pursuant to 15 U.S.C. § 1116(a).

**COUNT III**
**False Designation of Origin**
**15 U.S.C. § 1125(a)(1)(A)**

84.     David Austin hereby adopts and incorporates by reference the allegations set forth in the preceding Paragraphs as though fully pleaded herein.

85.     This claim is brought under 15 U.S.C. § 1125(a)(1)(A).

86.     Plaintiff has continuously and exclusively used the David Austin Trademarks in the United States since starting at least as early as 2000.

87.     Each of the David Austin Trademarks is distinctive and commercially strong.

88.     Plaintiff's use and registration of the David Austin Trademarks, in commerce in the United States for live plants, namely, roses, is prior to any date upon which any Defendants could rely as the first date on which Defendants used the same marks on the same products within the same industry.

89.     Defendants' use of the David Austin Trademarks, and their foreign language equivalents, in commerce in connection with the sale or advertising of the same products offered within the same industry that it is likely to confuse, mislead, and deceive members of the public into believing that Plaintiff is the source of the products sold by Defendants, or that Plaintiff is otherwise associated with Defendants.

90.     Any such confusion would result in injury or have a direct impact on Plaintiff's reputation and its ability to market its own products under its own marks.  In addition, any defect, objection, or fault found with Defendants' products would negatively impact and seriously injure the reputation Plaintiff has established for the products it sells under its own marks.

91.     Defendants' activities are being carried out willfully, with constructive and actual notice of Plaintiff's prior rights and registrations.

92.     Defendants are liable for false designation of origin in violation of 15 U.S.C. § 1125(a)(1).

93.     Plaintiff is entitled to recover damages in an amount to be determined at trial, including profits made by Defendants on its sales of the infringing products, and the costs of this action; also, because Defendants' activities are willful, this is an exceptional case entitling Plaintiff to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

94.      Plaintiff has been and will continue to be irreparably injured by Defendants' conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116(a).

### COUNT IV
### Unfair Competition
### 15 U.S.C. § 1125(a)(1)(B)

95.     David Austin hereby adopts and incorporates by reference the allegations set forth in the preceding Paragraphs as though fully pleaded herein.

96.     This claim is brought under 15 U.S.C. § 1125(a)(1)(B).

97.     Defendants have made statements in its commercial advertisements on Etsy, and/or on their websites and social media pages, indicating that their products are legitimate David Austin products, and such statements are either literally false or likely to mislead, confuse, or deceive consumers regarding the nature and function of

Defendants' products.

98.    Defendants' statements are deceiving and/or have the capacity to deceive a substantial segment of potential consumers of the parties' products.

99.    Defendants' deception is material, in that it is likely to influence the consumer's purchasing decision.

100.    Defendants are liable for unfair competition in violation of 15 U.S.C. § 1125(a)(1)(B).

101.    Plaintiff will be and/or has been and will continue to be irreparably injured by Defendants' conduct.  Moreover, Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116(a).

## **PRAYER FOR RELIEF**

Plaintiff David Austin Roses Limited prays for relief as follows:

a) That judgment be entered in favor of Plaintiff on all causes of action set forth herein.

b) That a finding be made that Defendants' infringement was willful.

c) That Defendants, their officers, directors, principals, agents, servants, and all those in privity or acting in concert or participation with Defendants, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly:

      i.  using, in any manner, or holding themselves out as having rights to use, the David Austin Patents;

24

    ii.  using, in any manner, or holding themselves out as having rights to use, the David Austin Trademarks, and any confusingly similar variations on or in conjunction with any live plants, roses, or related products;

    iii.  engaging in any course of conduct likely to cause confusion, deception or mistake with Plaintiff's trademarks, or otherwise cause damage or injury to Plaintiff's business, reputation, trademarks and their goodwill;

    iv.  using, in any manner, or holding themselves out as having rights to use, any proprietary product descriptions or images created and owned by David Austin; or

    v.  otherwise unfairly competing with Plaintiff.

d) That the Court issue an Order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any products offered by Defendants are authorized by Plaintiff or are in any way related to Plaintiff and its products.

e) That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

f) That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff a full and complete accounting of all monies received by Defendants as a result of the sale of products protected by the David Austin

Patents and/or the David Austin Trademarks.

g) That in accordance with 35 U.S.C. §§ 284 and 285 and 15 U.S.C. §§ 1114 and

1117, Plaintiff be awarded monetary damages sufficient to recover Defendants'

improper profits, and all damages suffered by Plaintiff, including a trebling of

damages and an award of attorney's fees and costs due to the exceptional nature

of this case.

h) For such other and further relief as the Court may deem just and proper.


Date:  April 10, 2024                           Respectfully submitted,


                                                 _/s/ Samuel E. Joyner_____
                                                Samuel E. Joyner
                                                Texas Bar No. 24036865
                                                Amy E. LaValle
                                                Texas Bar No. 24040529
                                                FROST BROWN TODD LLP
                                                2101 Cedar Springs Road, Suite 900
                                                Dallas, TX 75201
                                                Telephone: (214) 545-3472
                                                Facsimile: (214) 545-3473
                                                sjoyner@fbtlaw.com
                                                alavalle@fbtlaw.com

                                                Of Counsel:
                                                Travis Bliss (*pro hac vice* to be filed)
                                                Bridget Labutta (*pro hac vice* to be filed)
                                                PANITCH SCHWARZE BELISARIO & NADEL LLP
                                                2200 Concord Pike, Suite 201
                                                Wilmington, DE 19803
                                                Telephone: (215) 965-1330
                                                Facsimile: (215) 965-1331
                                                tbliss@panitchlaw.com
                                                blabutta@panitchlaw.com

                                                *Attorneys for Plaintiff*
                                                *David Austin Roses Limited*