**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

DAVID AUSTIN ROSES LIMITED,

Plaintiff,

v.

GCM RANCH LLC, MIO REN, SPROUTIQUE LLC DBA ZEPHYR GARDEN, YUANYUAN LIU, FEIFEI ZHUO, AND JOSE JAMIES.

Defendants.

Case No.: 3:24-CV-00882

**DEFENDANTS GCM RANCH LLC AND MIO REN'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND**
**BRIEF IN SUPPORT**

Respectfully submitted,

By: /s/ *Jingjing Ye*

Jingjing Ye
Texas Bar No.: 24099280
YE & ASSOCIATES, P.C.
500 N Central Expy Suite 500
Plano TX 75074
469.410.5232
jye@yefirm.com

*ATTORNEY FOR DEFENDANTS GCM RANCH LLC AND MIO REN*

## TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................1

II. FACTUAL BACKGROUND ...................................................................................3

III. LEGAL STANDARDS ............................................................................................6

IV. ARGUMENT ..........................................................................................................7

A. Plaintiff's Patent Infringement Claims Should be Dismissed...................................7

B. Plaintiff's Lanham Act Claims Should be Dismissed..............................................8

V. CONCLUSION ......................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......... 6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .......... 6

*Boltex Mfg. Co., L.P. v. Galperti, Inc.,*
827 F.App'x 401 (5th Cir. 2020) .......... 11

*Bot M8 L.L.C. v. Sony Corp. of Am.,*
4 F.4th 1342 (Fed. Cir. 2021) .......... 1, 7

*Campbell v. Wells Fargo Bank, N.A.*,
781 F.2d 440, 442 (5th Cir. 1986) .......... 6

*Inclusive Cmtys. Project v. Lincoln Prop. Co.,*
920 F.3d 890 (5th Cir. 2019) .......... 6

*Logan v. Burgers Ozark Country Cured Hams, Inc.*,
263 F.3d 447, 462 (5th Cir. 2001)) .......... 11

*Ondova Ltd. Co. v. Sherman,*
914 F.3d 990 (5th Cir. 2019) .......... 2, 6, 7

*Papasan v. Allain*,
478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) .......... 6

*Pizza Hut, Inc. v. Papa John's Int'l*,
227 F.3d 489, 495 (5th Cir. 2000) .......... 11

*Springboards to Educ. v. Hous. Indep. Sch. Dist.,*
912 F.3d 805, 811-12 (5th Cir. 2019) .......... 10

*Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.,*
33 F.4th 747 (5th Cir. 2022) .......... 10

*Taylor v. Books A Million, Inc.,*
296 F.3d 376 (5th Cir. 2002) .......... 6

*Thompson v. City of Waco,*
764 F.3d 500 (5th Cir. 2014) .......... 6

**Statutes**

15 U.S.C. § 1114 ........ 2, 3, 8, 9, 10

15 U.S.C. § 1125(a) ........ 3, 8, 11

**Other**

Fed. R. Civ. P. 12(b)(6) ........ 1, 6, 9

Fed. R. Civ. P. 8(a)(2) ........ 6

## I. INTRODUCTION

Defendants GCM Ranch LLC and Mio Ren ("GCM Defendants") by and through its undersigned attorneys, submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff David Austin Roses Limited's ("Plaintiff" or "David Austin") Original Complaint for failure to state a claim.

GCM Defendants have been sued for patent infringement, trademark infringement, false advertising and unfair competition. *See* Dkt. 1 ("Compl.") (collectively "Lanham Act Claims" for the latter three claims). However, most of Plaintiff's allegations do not have factual support. When far-and-in-between factual allegations are made, they are implausible. Throughout its complaint, Plaintiff asserts barebone and conclusive accusations against GCM Defendants and other Defendants. Plaintiff fails to state any legally sufficient claims for relief:

To begin with, Plaintiff's patent infringement allegations are less than barebone. Alleging that the GCM Defendants infringe at least 10 of Plaintiff's patents, Plaintiff does not recite one single claim of the alleged patents; nor does it provide one single claim chart, or any showing to that effect. Plaintiff's patent infringement allegations do not put the GCM Defendants "on notice of what activity" they are being accused of. *Bot M8 L.L.C. v. Sony Corp. of Am.,* 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citations omitted). In fact, Plaintiff does not allege that they have ever analyzed GCM Defendants' products or have compared GCM Defendants' products to Plaintiff's patents. In sum, Plaintiff's patent infringement claims have zero factual support to survive a Rule 12(b)(6) dismissal. As such, Plaintiff's patent infringement allegations should be dismissed.

Next, Plaintiff's Lanham Act Claims are not much better pled than their patent claims. Plaintiff alleges that the GCM Defendants have infringed at least 10 of Plaintiff's trademarks, a mixed bucket of registered marks and common law marks. *See* Compl. ¶ 28. But the Complaint

for the most part either alleges nothing on requisite facts or simply resort to conclusive statement, impermissible having its "legal conclusion couched as a factual allegation." *Ondova Ltd. Co. v. Sherman*, 914 F.3d 990, 993 (5th Cir. 2019) (citations omitted). Worse, when Plaintiff purports to make its *sole* prominent factual allegation of supposed wrongdoings by the GCM Defendant by providing images from Plaintiff's website and GCM Defendants' website, not only does it show that GCM Defendants' images have contained none of Plaintiffs' marks, but also that the GCM Defendants actually have clearly indicated the origin of the products as of their own, not David Austin's *See* discussion *infra* II, IV(B).

That by itself is enough to defeat all three of Plaintiff's Lanham Act Claims based on unauthorized use of Plaintiff's marks, or likely to confuse the consumers. But here are even more reasons to dismiss Plaintiff's Complaint. First, Plaintiff's 15 U.S.C. § 1114 claims that allege GCM Defendants have infringed any unregistered common law mark must be dismissed as a matter of law, because that cause of actions is for registered marks only. *See id.* Second, Plaintiff fails to allege any plausible allegation that GCM Defendants have ever used any of Plaintiff's claimed marks, or ever have caused or likely to cause any confusion on the consumers.

Given the posture of the Complaint, the more plausible inference is that the GCM Defendants do not use Plaintiff's marks, do not create consumer confusions or the likelihood thereof, and do not false advertise.

The Complaint is fraught with many other problems, such as impermissible group pleading, reciting to inoperative laws for causes of action– it is not well-pleaded. Simply put, Plaintiff fails to state a claim. The Court should dismiss the Complaint.

## II. FACTUAL BACKGROUND

David Austin filed the Complaint on April 10, 2024, against seven parties, including the GCM Defendants, alleging that those parties infringe Plaintiff's intellectual property rights. Count I of the Complaint purports to state a claim for willful infringement of Plaintiff's plant patents; Count II purports to state a claim under Section 32 of the Lanham Act, codified in 15 U.S.C. § 1114 for federal trademark infringement; Counts III and IV purport to state claims under Section 43(a) of the Lanham Act, codified in 15 U.S.C. § 1125(a)(1)(A) and (a)(1)(B) for false designation of origin and unfair competition.

In the Complaint, Plaintiff alleges that the GCM Defendants and other Defendants have infringed Plaintiff's 24 patents, and 33 trademarks ("57 Alleged IP" or "Alleged IP"). *See* Compl. ¶¶ 19, 22. All the 24 alleged patents are plant patents. *See id.* ¶ 19. Among the 33 trademarks alleged in the Complaint, 20 are federally registered marks bearing federal registration numbers and ® symbols; 13 are un-registered common law marks bearing ™ symbols without a registration number. *See id.* ¶ 22.[1]

However, aside from compiling a long list of Plaintiff's patents and trademarks, the length of those takes up almost three full pages, the Complaint stringently devotes about six full pages on factual allegations to support their whopping claims that the seven Defendants have violated their 57 Alleged IP before it turns to the legal allegations. *Compare id*. at 5-7 (three pages listing the 57 Alleged IP), *with id*. at 7-13 (seven pages alleging that seven defendants violate Plaintiff's 57 Alleged IP). The part of the causes of actions are mostly same repetitive legal conclusions being copy pasted again and again. *See, e.g.* Compl. ¶¶ 45-68 (24 paragraphs of the same conclusive

[1] Plaintiff further states that they own copyrighted material. Compl. ¶ 24. However, Plaintiff does not assert any copyright claim in its Complaint. *See id.* ¶¶ 43-101. As such, this memorandum of law does not address copyright issues.

languages). The Complaint does not nearly have a fraction of factual allegations on what a well-pleaded pleading might have contain for one or two IP infringement, and it purports to support the allegations that 57 IP have been infringed.

In the few paragraphs the Complaint dedicates to allege specific facts concerning GCM Defendants, Plaintiff seems to allege that GCM Defendants violate 10 patents and 10 trademarks ("20 Alleged IP"). *See id.* ¶ 28. However, those allegations are completely devoid of factual allegations that supports Plaintiff's claims.

First, in the patent-related factual allegation concerning the GCM Defendants, Plaintiff makes conclusive statements that GCM Defendants are "promoting, offering for sale, and selling" 10 variety of roses protected by the 20 Alleged IP. *See id.* ¶ 28. However, the Complaint does not provide any showing, in claim charts or other formats, that actually compares the products that were promoted, offered or sold by the GCM Defendants to Plaintiff's claimed inventions. Plaintiff completely fails to provide any factual allegations, plausible or even implausible, to support even one patent infringement claim, let alone 10 patent infringements alleged against the GCM Defendants and 33 patent infringements alleged against all seven Defendants. *See id*. ¶¶ 28, 32 and 34.

The few factual allegations that Plaintiff does manage to make against GCM Defendants are related to its trademark claims. *See id*. ¶¶ 29-30. However, those allegations not only do not support any of Plaintiff's trademark claims, but also clearly negates Plaintiff's trademark claims. In support of its claims, Plaintiff provides two sets of images comparing side-by-side those images taken from David Austin's website with those from GCM Ranch's webpage ("GCM Images"). *See id.* ¶ 30. Although those images look identical, Plaintiff, however, does not use those images to support any copyright claims– it is notable that Plaintiff asserts no copyright claim. Rather,

Plaintiff alleges that those images support its trademark claims. Not so. The images from paragraph 30 of the Complaint are reproduced herein below:

| David Austin's LEONORA Image | GCM Ranch's LEONORA ('Auswagsy') Image |
| --- | --- |
| https://www.davidaustin.com/rose/leonora-rose/ | GCM Ranch |
| **David Austin's MIRANDA Image** | **GCM Ranch's MIRANDA Image** |
| https://www.davidaustin.com/rose/miranda-rose/ | GCM Ranch |

*Id.* ¶ 30 (green circle added for emphasis). First, as clearly demonstrated by those images, none of the Plaintiff's trademarks are in those GCM Ranch's images. Nor does the Complaint allege so– because there isn't. But not only that, those images demonstrate the fact that GCM Ranch ***clearly and conspicuously*** marks its name on its webpages. *See supra* image (in the green circles, the name "GCM Ranch" in large font and bold typeface is clearly and conspicuously marked in the upper center above each image). With this showing, the allegations on false advertisement, false

identification of origin, likelihood of confusion etc. cannot stand. Instead, it demonstrates that GCM Ranch clearly puts its customers on notice that their product origin is not David Austin, but themselves. Plaintiff pleads itself out of court.

## III. LEGAL STANDARDS

Federal Rule requires a "statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this pleading standard may be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

A complaint will not survive a motion to dismiss unless the plaintiff alleges facts sufficient to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim must be dismissed under Rule 12(b)(6) when the factual allegations in the complaint fail to show that the plaintiff has a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Bare assertions or conclusory statements are insufficient to avoid dismissal. *See id.* at 678, 698; *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (proper factual allegations must offer more than conclusory assertions or legal conclusions "masquerading as factual conclusions").

To evaluate a Rule 12(b)(6) motion, "the court 'must accept all well-pleaded facts as true, and … view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). However, courts "are not bound to accept as true 'a legal conclusion couched as a factual allegation. '" *Ondova Ltd. Co. v. Sherman*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

## IV. ARGUMENT

### A. Plaintiff's Patent Infringement Claims Should be Dismissed.

The Complaint fails to set forth plausible claim for patent infringement. "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 L.L.C. v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). The Complaint does not recite any claims from any one of Plaintiff's plant patent. The Complaint alleges no fact that, if taken as true, supports a finding that GCM Defendants infringes those patent claims. Other than an allegation that GCM Defendants sell roses on e-commerce websites, there is no plausible facts alleged whatsoever that the GCM Defendants infringes Plaintiff's patents.

Because Plaintiff fails to plausibly state a patent infringement claim, Plaintiff's willful infringement claim must be dismissed. But, even if Plaintiff plausibly had pled a valid patent infringement claim *argumento*, which it does not, its willful infringement claims still must fail on for being insufficiently pled, because Plaintiff fails to plead any facts whatsoever regarding willful infringement. The Complaint only asserts in conclusive manner that "on information and belief" GCM and other Defendants "had actual or constructive knowledge". *See* Compl. ¶ 39. The Complaint does not assert that Plaintiff gave actual pre-suit notice to the GCM Defendants. It fails to provide any fact to support the constructive notice. The legally conclusive pleading shall not be accepted as factual pleadings. *See Ondova Ltd*, 914 F.3d at 993. Plaintiffs' patent claims should be dismissed.

### B. Plaintiff's Lanham Act Claims Should be Dismissed

Plaintiff further alleges three Lanham Act claims in Counts II-IV of its complaint, including one count under Section 32 of the Lanham Act, codified at 15 U.S.C. § 1114, and two counts under Lanham Act § 43(a), codified as 15 U.S.C. § 1125(a).

As explained above, in support of its claims, Plaintiff provides two sets of images comparing side-by-side the images taken from David Austin's website with those from GCM Ranch's webpage ("GCM Images"). *See* Compl. ¶ 30. Although those images look identical, Plaintiff, however, does not use those images to support a copyright claim– the Complaint asserts no copyright claim. Rather, Plaintiff alleges that those images support its trademark claims. But they don't. The images from paragraph 30 of the Complaint are reproduced herein below:

//

//

//

//

//

//



| David Austin's LEONORA Image | GCM Ranch's LEONORA ('Auswagsy') Image |
| --- | --- |
| https://www.davidaustin.com/rose/leonora-rose/ | GCM Ranch |
| **David Austin's MIRANDA Image** | **GCM Ranch's MIRANDA Image** |
| https://www.davidaustin.com/rose/miranda-rose/ | GCM Ranch |

*Id.* ¶ 30 (green circle added for emphasis) ("David Austin Images" for David Austin's Images on the left, "GCM Ranch Images" for GCM Ranch's Images on the right, and "Contrasted Images" together.). As explained below, neither the Contrasted Images alone, nor when they are combined with other part of the Complaint sufficiently allege plausible facts that makes the Complaint to survive a Rule 12(b)(6) motion.

**1. Plaintiff's Fails to State a Likelihood of Confusion Claim for Relief Under 15 U.S.C. § 1114**

First, 15 U.S.C. § 1114 only creates a cause of action for a "registrant" of "registered marks". *See* 15 U.S.C. § 1114(1) ("Any person who shall, without the consent of the registrant (a) use in commerce…a registered mark …or (b) reproduce … a registered mark…shall be liable in a civil action by the registrant for the remedies hereinafter provided."). As such, as a matter of law, GCM Defendants are not liable under this section with regard to any of the 13 unregister common marks alleged by Plaintiff.

For properly registered marks, "[t]o prove infringement [under 15 U.S.C. 1114(a)], a mark holder must show that an infringer's use of the mark in question 'create[d] a likelihood of confusion in the minds of potential consumers as to the source, affiliation, or sponsorship' of the infringer's products or services". *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 750 (5th Cir. 2022) (quoting *Springboards to Educ. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 811-12 (5th Cir. 2019)). "By extension, when a defendant's use of a plaintiff's mark would not confuse potential consumers, the plaintiff has no claim for trademark infringement." *Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th at 750.

Again, Plaintiff fails to allege any fact whatsoever that GCM Defendants used any of the registered marks referenced in the Complaint. *See* Compl., Exhibit Y. First, Plaintiff does not show that GCM Defendants have used their registered marks. As the only factual allegation in support of its Claim, The GCM Ranch Images do not contain anywhere the marks of "Miranda" or "Leonora", nor any of Plaintiff's other registered marks. Without showing of a plausible use by the GCM Defendants, Plaintiff cannot show that such "use" confuses potential consumers as a matter of law. Even if assuming *argumento* that Plaintiff has alleged plausibly that the GCM Defendants used its marks, which it doesn't, the fact that the GCM Ranch Images has clearly and conspicuously marked front-and-center of its own name demonstrates that Plaintiff fails to

plausibly allege that such use would confuse potential consumers. *See* Contrasted Images (in the green circles, the name "GCM Ranch" in large font and bold typeface is clearly and conspicuously marked in the upper center above each image). Plaintiff fails to state a likelihood of confusion claim.

**2. Plaintiff Fails to State a Claim for Relieve Under 15 U.S.C. § 1125(a)**

Plaintiff alleges two separate claims under 15 U.S.C. § 1125(a)(1)(A) and (B), one under the heading of "False Designation of Origin" and the other under "Unfair Competition". Those two subsections are part of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a). Courts often analyze those two subsections together. *See Boltex Mfg. Co., L.P. v. Galperti, Inc.*, 827 F.App'x 401, 409 (5th Cir. 2020) ("As to Plaintiffs' unfair competition claims, we generally analyze Lanham Act false advertising claims and common law unfair competition claims together.")

To state a claim under Section 43(a) of the Lanham Act, a plaintiff must allege: (1) a false or misleading statement of fact about a product; (2) the statement was deceptive; (3) the deception is material; (4) the product is in interstate commerce; and (5) the plaintiff has been injured or is likely to be injured as a result. *Boltex Mfg. Co., L.P. v. Galperti, Inc.*, 827 F. App'x 401, 406 (5th Cir. 2020) (citing *Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 462 (5th Cir. 2001)). "The failure to prove the existence of any element of the prima facie case is fatal to the plaintiff's claim." *Boltex Mfg. Co., L.P.*, 827 F.App'x at 406 (citing *Pizza Hut, Inc. v. Papa John's Int'l*, 227 F.3d 489, 495 (5th Cir. 2000)).

Plaintiff fails to plead any fact that past muster of *Boltex Mfg. Co.*, because Plaintiff fails to plausibly allege that GCM Defendants made false or misleading statement about the products

they sell on their website. As shown in the GCM Ranch Image, GCM Defendant on their webpage made a clear and conspicuous statement that those roses do not originate from David Austin, but from its own, the GCM Ranch. Without a deceptive statement, Plaintiff cannot plausibly allege that there is a deception, that the deception is material, and that Plaintiff has suffered injury from the deception. That is, Plaintiff fails to adequately state a claim under Section 43 of Lanham Act.

## V.   CONCLUSION

For the above reasons, Defendants GCM Ranch LLC and Mio Ren respectfully request the Court to grant their motion to dismiss Plaintiff's Complaint.

Dated: June 10, 2024

By:   /s/ *Jingjing Ye*

Jingjing Ye
Texas Bar No.: 24099280
YE & ASSOCIATES, P.C.
500 N Central Expy Suite 500
Plano TX 75074
469.410.5232
jye@yefirm.com

*ATTORNEY FOR DEFENDANTS GCM RANCH LLC AND MIO REN*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 10, 2024.

                                                 /s/ Jingjing Ye
                                                   Jingjing Ye