IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID AUSTIN ROSES LIMITED,

          Plaintiff,

v.

GCM RANCH LLC, MIO REN, SPROUTIQUE
LLC DBA ZEPHYR GARDEN, YUANYUAN
LIU, FEIFEI ZHUO, AND JOSE JAMIES.

          Defendants.

Case No.: 3:24-CV-00882

**DEFENDANTS GCM RANCH LLC AND MIO REN'S REPLY TO PLAINTIFF'S
OPPOISITION TO PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM AND
MEMORANDUM IN SUPPORT**

Respectfully submitted,

By:  /s/ *Jingjing Ye*

Jingjing Ye
Texas Bar No.: 24099280
YE & ASSOCIATES, P.C.
500 N Central Expy Suite 500
Plano TX 75074
469.410.5232
jye@yefirm.com

*ATTORNEY FOR DEFENDANTS GCM
RANCH LLC AND MIO REN*

TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................1

II.    ARGUMENT......................................................................................................1

      A.  Plaintiff Fails to Demonstrate Why Its Willful Patent Infringement Claims Should
          Not Be Dismissed .................................................................................1

              1. Plaintiff's Failure to Analyze the Claims of the Alleged Plant Patents in Its
              Pleading Are Dispositive as a Matter of Law ...........................................2

                    a.    Statute and Caselaw Are Clear That General Patent Law
                          Applies to Plant Patent Infringement Claims ...........................2

                    b.    Formal Claims Are Not Meaningless and Is Not Valid Reason
                          for Ignoring the Patent Instrument in a Plant Patent
                          Infringement Pleading ............................................................3

              2.  Plaintiff's Failure to Allege Asexual Reproduction Alone Warrants
              Dismissal of the Patent Claims.............................................................5

              3. Plaintiff Fails to Allege Willful Patent Infringement ...........................7

      B.  Plaintiff Fails to Demonstrate Why Its Willful Patent Infringement Claims Should
          Not Be Dismissed .................................................................................8

III.   CONCLUSION....................................................................................................11

i

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...............................................................................................5

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...............................................................................................5

*Blackburn v. City of Marshall,*
  42 F.3d 925 (5th Cir. 1995)...................................................................................6

*Bot M8 L.L.C. v. Sony Corp. of Am.,*
  4 F.4th 1342 (Fed. Cir. 2021) ...............................................................................3

*Elmer v. ICC Fabricating, Inc.,*
  67 F.3d 1571 (Fed. Cir. 1995) ...............................................................................5

*Imonex Servs. v. W.H. Munzprufer Dietmar Trenner GmbH,*
  408 F.3d 1374 (Fed. Cir. 2005) .............................................................................8

*Markman v. Westview Instruments,*
  517 U.S. 370 (1996)................................................................................................3

*Markman v. Westview Instruments, Inc.,*
  52 F.3d 967, 976 (Fed. Cir. 1995).........................................................................3

*MCW, Inc. v. Badbusinessbureau.com, L.L.C.,*
  2004 U.S. Dist. LEXIS 6678, (N.D. Tex., April 19, 2004) ..................................8, 9

*Morgan v. Swanson,*
  659 F.3d 359 (5th Cir. 2011)................................................................................10

*Ramirez v. Lilly,*
  2023 U.S. Dist. LEXIS 191405  (N.D. Tex. Oct. 25, 2023) .................................10

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.,*
  2020 U.S. Dist. LEXIS 166493 (N.D. Tex. Sep. 11, 2020)  .................................1, 7

**Statutes**

35 U.S.C. § 161 ...........................................................................................................2, 3

35 U.S.C. § 162 ..............................................................................................................4

35 U.S.C. Ch. 15 ...........................................................................................................2

35 U.S.C. Ch. 28 ...........................................................................................................2

**Other**

1 Donald S. Chisum, *Chisum on Patents*, § 23.04 .........................................................4

Defendants GCM Ranch LLC and Mio Ren (collectively "GCM Ranch") by and through its undersigned attorneys, respectfully submit the following reply to Plaintiff's opposition ("Opposition" or "Opp'n") to GCM Ranch's motion to dismiss Plaintiff's first amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("Motion" or "Mot.").

## I.    INTRODUCTION

Plaintiff's First Amended Complaint ("FAC") is grossly deficient in factual allegation to survive Rule 12(b)(6) dismissal of most of its claims. The Opposition does effectively counter any argument in GCM Ranch's Motion to Dismiss.

For the Patent Infringement Claims, however Plaintiff attempts to twists the pleading language, the reasoning and the exhibits offered for other purposes, Plaintiff cannot gloss over the abysmal deficiencies in its pleading that: 1. it does not allege any facts that tend to show that Plaintiff has ever in possession of any alleged infringing plants sold by GCM Ranch; 2, it does not allege any facts that tend to show that Plaintiff has ever compared and analyzed and of those alleged plant before alleging patent infringement; 3. It does not allege any facts that may make reasonable inference that GCM Ranch *reproduced* the plants, be it sexually or asexually. Those deficiencies are serious and may even be sanctionable in Fifth Circuit should it be shown that Plaintiffs had not made reasonable investigation in a patent infringement suit. *See Soar Tools, LLC v. Mesquite Oil Tools, Inc.,* No. 5:19-CV-243-H, 2020 U.S. Dist. LEXIS 166493, at *14 (N.D. Tex. Sep. 11, 2020) And for the Lanham Act Claims, Plaintiff pleaded itself out of the Court.

## II.    ARGUEMNT

### A. Plaintiff Fails to Demonstrate Why Its Willful Patent Infringement Claims Should Not Be Dismissed

1. **Plaintiff's Failure to Analyze the Claims of the Alleged Plant Patents in Its Pleading Are Dispositive as a Matter of Law**

In the Opposition regarding the Willful Patent Infringement Claim, Plaintiff first misstates GCM Ranch's position as one of requiring Plaintiff to merely reciting to the patent claims in the pleading. In fact, GCM Ranch's position is that without *even* reciting a patent claim, a first step necessary to show that Plaintiff might have made *some* factual allegation based on the claims, the omission of the recitation is *prima facie* that Plaintiff have failed to make necessary factual allegations under the governing law.

However, despite its misstatement on GCM Ranch's position, Plaintiff does not dispute that the FAC does not recite to any patent claims or references to any portion of the patent instruments in advancing its patent infringement claims. Indeed, Plaintiff's position is that plant patent claims does not matter in pleading plant patent infringement claims. *See* Opp'n at 6-7. For the reasons below, the Court should reject those arguments.

a. **Statute and Caselaw Are Clear That General Patent Law Applies to Plant Patent Infringement Claims**

The Patent Act, codified in Title 35 of the U.S. Codes, is clear that the general patent law applies to plant patent infringement claims. In Chapter 15 of Title 35, which provides for plant patents, the statute states that Title 35 applies to plant patents "except as otherwise provided." 35 U.S.C. §161 para. 2. There are no exceptions provided for patent infringement claim in Chapter 15. *See* 35. U.S.C. ch. 15. The statutory provisions for patent infringement actions are codified in Chapter 28 of Title 35. *See* 35. U.S.C. ch. 28, "Infringement of Patents". Chapter 28 and other chapters also do not contain any exceptions regarding plant patent infringement claims. *See id.*

2

Therefore, any contention that general patent infringement statutes should not apply to plant patent infringement is contrary to 35 U.S.C. §161 para. 2.

Likewise, the centrality of claims in patent infringement actions is beyond dispute. In the landmark case *Markman v. Westview Instruments*, 517 U.S. 370 (1996), the Supreme Court states that "[a] patent includes one or more 'claims,' which 'particularly poin[t] out and distinctly clai[m] the subject matter which the applicant regards as his invention.'" *Markman v. Westview Instruments*, 517 U.S. 370, 373 (1996) (quoting 35 U.S.C. § 112). "An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370.

The *Bot M8 L.L.C.* case relied on in GCM Ranch's Motion sets the pleading standard for patent infringement actions. Likewise, *Bot M8 L.L.C.* standard also centers on patent claims and requires the analysis of the accused product in view of the patent claims. *See Bot M8 L.L.C. v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the *patent claim*.") (emphasis added). Plaintiff does not make any argument in the Opposition as to why *Bot M8 L.L.C.* should not apply. As such, Plaintiff fails to meet the pleading standard set forth *Bot M8 L.L.C.* by not making any analysis on any of the patent claims[1] and any accused product as required by the case.

### b.  Formal Claims Are Not Meaningless and Is Not Valid Reason for Ignoring the Patent Instrument in a Plant Patent Infringement Pleading

---

[1] In the Opposition, Plaintiff contends that GCM Ranch suggests that there may be more than one claim in a plant patent. *See* Opp'n at 2 n.3. That is a misread of the sentence quoted, which merely confirms that Plaintiff has alleged multiple patents, hence there are multiple claims in the patents-in-suit.

Plaintiff argues that because plant patent claims are "formal", the plant patents do not define "the scope of the protection afforded by a patent." This argument is without merit.

Plant patent claims are required to include claim language stating that the scope of a claim is the plant "shown and described" in the specification of the plant patent. ˆ35 U.S.C. §162 para. 2; *see also, e.g.*, FAC, Ex. 1, U.S. Plant Patent No. 32,874 claim 1 ("What is claimed is: [a] new a distinct variety of rose plant… *as herein shown and described*.") (emphasis added).

The meaning of the "shown and described" claim language in plant patents is clear. It alludes to the specifications of the patents, indicating that the claims incorporate the illustrations of the plant (*i.e.*, "shown") and the textual description of the plant (*i.e.*, "described"), both being a part of the specification of the patent[2].   By using formal claim language incorporating the specification, the plant patent claims make it clear that the scope of the plant patents are as defined by the specification. Therefore, the formality of plant patent claims does not render a plant patent claim meaningless at all as Plaintiff suggests. On the contrary, the formal claim language makes the scope of the patent protection definitive and clear.

Notably, formal claims are not unusual, and plant patents are not the only type of patent that require formal claims—design patents are also required to have formal claims, which are very similar to plant patent claims. *See* 1 Donald S. Chisum, Chisum on Patents, § 23.04, ¶2 (2024) ("With design applications …claims are formal."); *see also,* U.S. Patent and Trademark Office, *Design Patent Application Guide*, https://www.uspto.gov/patents/basics/apply/design-patent

---

[2] In patent law parlance, sometimes the term specification is used narrowly, which does not include the illustrations of a patent. In the instant reply, GCM Ranch uses the term specification in the broader sense, which includes everything contained in a patent instrument, except the claims of the patent.

("The [design patent] claim must be in formal terms to "The ornamental design …*as shown*.") (emphasis added).

The federal circuit in *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571 (Fed. Cir. 1995) held that in patent infringement actions, the formal claim language in design patent is to be construed as utility patents. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) ("Determining whether a design patent claim has been infringed requires, first, *as with utility patents*, that the claim be properly construed to determine its meaning and scope.") (emphasis added). That is, claims being formal is not a valid basis to argue that a pleading may completely ignore the patent instrument itself to plead patent infringement, as suggested by Plaintiff. Therefore, Plaintiff's contention based on claim formality must fail.

### 2. Plaintiff's Failure to Allege Asexual Reproduction Alone Warrants Dismissal of the Patent Claims

Plaintiff does not dispute that it needs to sufficiently allege asexual reproduction to survive a Rule 12(b)(6) motion to dismiss. Plaintiff, however, argues that it has met the pleading standard set forth in the seminal *Twombly/Iqbal* cases ("*Twombly/Iqbal* standard"). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *Aschcroft v. Iqbal,* 556 U.S. 662 (2009).

Nevertheless, Plaintiff insists that its pleading has met the *Twombly/Iqbal* standard. Plaintiff advances several arguments. None is convincing. First, Plaintiff contends that the bare thread and conclusory language of "by asexually reproducing and/or importing plants of [corresponding] variety without license or authority" is factual allegation that meets the *Twombly/Iqbal* standard. *See* Opp'n, at ¶3; FAC, at ¶¶ 141-42, 144-45, and 151-55.

Those languages are nothing but bare assertions of conclusory legal conclusions. They not only cannot meet the *Twombly/Iqbal* standard—they cannot even meet pre-*Twombly/Iqbal* Fifth

Circuit pleading standard. *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation omitted). Those allegations are not factual and cannot pass muster of *Twombly/Iqbal* and *Blackburn* standard.

Likewise, the FAC's very similar allegation that "GCM Ranch has propagated and/or imported plants of the [relevant Protected Variety] and has promoted, offered for sale, and sold those roses … thus infringing David Austin's [relevant Asserted Patent]" are also the salient type of conclusory allegations that has zero factual content. *See* Opp'n, at ¶4; FAC, at ¶¶ 30, 33, 36, 39, 42, 45, 48, 51, 54. Those are also not factual allegations that pass any of the *Twombly/Iqbal* and *Blackburn* standard.

To cure their gross deficiency, Plaintiff invites the Court to the following mental gymnastics:

> "An allegation that GCM Ranch has propagated and/or imported plants of the Protected Varieties is an allegation that the plants were asexually reproduced, as that is how rose varieties, and in particular the Protected Varieties, are reproduced – to make a new plant of the Protected Varieties requires that the plant is asexually reproduced, as the Asserted Patents state. … If the plants were sexually reproduced (i.e., via seed) then the plants would not be of the same variety, but would be of a different variety. So this again shows that the Amended Complaint makes clear allegations of asexual reproduction of the Protected Varieties in violation of the Asserted Patents.

Oppo. at 7-8. The line of reasoning is twisted. It at most shows that for the FAC to survive the Rule 12(b)(6) dismissal, the Court would have to perform those twisting gymnastics (*e.g.*, the allegation of propagating/importing plant *is* an allegation of asexual reproduction; and the plants must be asexually reproduced, not sexually reproduced), which the Court shall refuse to, because they are not sound reasoning.

6

Next, Plaintiff argues that the Exhibits in the FAC purporting to show that GCM Ranch is infringing Plaintiff's trademark can be re-cycled to support patent infringement claims. This argument must fail as well.

Nevertheless, however Plaintiff attempts to twists the pleading language, the reasoning and the exhibits offered for other purposes, Plaintiff cannot gloss over the abysmal deficiencies in its pleading that: 1. it does not allege any facts that tend to show that Plaintiff has ever in possession of any alleged infringing plants sold by GCM Ranch; 2, it does not allege any facts that tend to show that Plaintiff has ever compared and analyzed and of those alleged plant before alleging patent infringement; 3. It does not allege any facts that may make reasonable inference that GCM Ranch *reproduced* the plants, be it sexually or asexually. Those deficiencies are serious and may even be sanctionable in Fifth Circuit should it be shown that Plaintiffs had not made reasonable investigation in a patent infringement suit. *See Soar Tools, LLC v. Mesquite Oil Tools, Inc.,* No. 5:19-CV-243-H, 2020 U.S. Dist. LEXIS 166493, at *14 (N.D. Tex. Sep. 11, 2020) ("[A] patent-infringement plaintiff's failure to sufficiently investigate …may justify the imposition of sanctions…"). For the above reasons, Plaintiff fails to allege asexual reproduction, and the Patent Claims shall be dismissed.

### 3.  Plaintiff Fails to Allege Willful Patent Infringement

Plaintiff further argues that the FAC had sufficiently shown willful infringement of the patents by GCM Ranch. In its Opposition, Plaintiff attacks GCM Ranch's willfulness arguments as being "bald". However, when its claim is being completely inadequate, not much can be said about it.

In the Opposition, Plaintiff contends that it has met the willfulness pleading standard by alleging Plaintiff has given constructive notice by listing patent numbers on their website and on their plants.  *See* Opp'n at 10. Plaintiff is wrong on the law, again. Under the Federal Circuit jurisprudence, which is the governing law here, constructive notice is not a showing, as a matter of law, that may prove willful infringement.

In *Imonex Servs. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, (Fed. Cir. 2005), the court unequivocally stated that "[w]illfulness requires a showing that the totality of the circumstances evince the egregious conduct that constitutes willful infringement…. Actual notice of another's patent rights triggers an affirmative duty of due care…. *Constructive notice, as by marking a product with a patent number, is insufficient to trigger this duty.*" *Imonex Servs. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005) (emphasis added).  Because Plaintiff fail to allege actual willfulness, all elements of the willfulness test cannot stand. *See* Mot. at 7. As such, Plaintiff's willful patent infringement claims must fail for this reason alone.

### B.  Plaintiff Failed to Demonstrate Why Its Lanham Act Actions Should Not Be Dismissed

To support its Lanham Act Claims, Plaintiff cites *MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, C.A. No. 3:02-CV-2727-G, 2004 U.S. Dist. LEXIS 6678, at [*53] (N.D. Tex., April 19, 2004) for the proposition that likelihood of confusion is a question of fact and should not be decided in a Rule 12(b)(6) motion to dismiss.[3]  *See* Opp'n. at 11:7-12. However, the *MCW, Inc.*

---

[3] Plaintiff erroneously cited to page *58 of the *MCW, Inc.* opinion for the quoted passage in its opposition.  *See* Opp'n. at 11:11. The correct page number is *53.

opinion also states that when the pleading is devoid of facts regarding consumer confusion, Rule 12(b)(6) dismissal is appropriate. *See MCW, Inc*, 2004 U.S. Dist. LEXIS 6678, at *53.

In *MCW, Inc*, plaintiff MCW asks the court to deny defendant's Rule 12(b)(6) motion to dismiss it is too early to dismiss likelihood of confusion claims under the Lanham Act at the pleading stage under Rule 12(b)(6), which is the same argument in Plaintiff's Opposition. However, the *MCW, Inc.* court rejected that argument. Finding that "a Rule 12(b)(6) motion is a proper vehicle for deciding whether MCW has stated a Lanham Act unfair competition claim" and the court dismissed MCW's complaint. *See Id.*, at *54.

Plaintiff contends that it has sufficiently alleged facts meeting the *Twombly/Iqbal* standard. However, the language that Plaintiff refers to in its Opposition to support their position is, again, mere legal conclusions. Plaintiff's contention that allegation such as "[t]he use of DAR's trademark in connection with the Etsy listing creates a likelihood of confusion by consumers and/or causes actual confusion by consumers regarding the source of the goods", *see* Oppo., at 11 (quoting FAC., ECF No. 26), meets the *Twombly/Iqbal* and *Blackburn* pleading standard is frivolous. It is clear that Plaintiff's pleading is exactly the inadequate pleading *Twombly/Iqbal* and *Blackburn* warn against and should be rooted out by the Court at the pleading stage under Rule 12(b)(6).

While admitting that GCM Ranch in the brief has correctly cited the governing legal standard for likelihood of confusion, i.e. the digits of confusion test, *see* Opp., at 12, Plaintiff averts, without articulation, that it has met with the test. That is not an effective response to Plaintiff detailed arguments, *see* Motion, at 8-10, and GCM Ranch's arguments shall be held by the Court as un-countered and prevail.

9

Plaintiff further asserts that GCM Ranch's argument that Plaintiff fails to allege likelihood of confusion because GCM Ranch had conspicuously, centrally and clearly shown its own name in the screenshot ("conspicuous markings") in Plaintiff's pleading is "not relevant". Opp'n. at 12. Plaintiff argues that it is because that whether those conspicuous markings create likelihood of confusion is a matter of fact. Plaintiff is incorrect on the law.

It is settled that all well-pleaded factual allegations need to be taken as true. *Morgan v. Swanson*, 659 F.3d 359, 70 (5th Cir. 2011) (en banc); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Because it was Plaintiff who provided those conspicuous markings in its FAC, they are now an integral part of the FAC. As such, those markings are not only relevant, but also must be taken as true in a Rule 12(b)(6) deliberation. The Court cannot ignore those markings, as Plaintiff suggests in the Opposition, but must consider them in evaluating whether Plaintiff has sufficiently alleged likelihood of confusion in view of those conspicuous markings.

The evaluation must be no, a reasonable consumer would not be confused about the origin of the plant when they see those conspicuous marking. Essentially, Plaintiff has pled itself out of the court.  Further, because those markings are now permanent part of the pleading, the Court shall dismiss the Lanham Act claims with prejudice, because they are now incurable. *Ramirez v. Lilly,* No. 3:23-CV-1929-L-BN, 2023 U.S. Dist. LEXIS 191405, at *2 (N.D. Tex. Oct. 25, 2023) (" [D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable…") (citing *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

III.   **CONCLUSION**

For the reasons set forth above, GCM Ranch respectfully requests that the Court to Grant

GCM Ranch's Partial Motion to Dismiss.


Dated: August 19, 2024                                By:     /s/ *Jingjing Ye*

                                                              Jingjing Ye
                                                              Texas Bar No.: 24099280
                                                              YE & ASSOCIATES, P.C.
                                                              500 N Central Expy Suite 500
                                                              Plano TX 75074
                                                              469.410.5232
                                                              jye@yefirm.com

                                                              *ATTORNEY FOR DEFENDANTS GCM*
                                                              *RANCH LLC AND MIO REN*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system on August 19, 2024.


/s/ Jingjing Ye
Jingjing Ye