UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID AUSTIN ROSES LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-0882-B |
| | § | |
| GCM RANCH LLC; MIO REN; | § | |
| SPROUTIQUE LLC D/B/A ZEPHYR | § | |
| GARDEN; YUANYUAN LIU; FEIFEI | § | |
| ZHUO; and JOSE JAIMES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants GCM Ranch LLC and Mio Ren (collectively, "GCM Ranch")'s Motion to Dismiss Plaintiff David Austin Roses Limited ("David Austin")'s First Amended Complaint (Doc. 27). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I.
### BACKGROUND

This case is about roses. David Austin develops "beautiful and popular English roses." Doc. 26, Am. Compl., ¶ 19. The company considers its rose plant varieties to be proprietary. *Id.* ¶ 20. As such, each rose at issue in this lawsuit is patented, *id.*, and the name of each rose is trademarked, *id.* ¶ 60. David Austin marks every patented rose it sells with that plant's specific patent number. *Id.* ¶ 21. GCM Ranch also sells roses. *Id.* ¶ 27. David Austin alleges that GCM Ranch is "selling roses that are protected by the David Austin Patents and which bear the David Austin Trademarks." *Id.* ¶ 29.

After developing a new rose variety, David Austin then attempts to patent the rose and trademark the name of the rose. *See id.* ¶ 23. David Austin sells the patented rose under its trademarked name. *See id.* For example, its "Auslevity" rose variety is sold under the trademarked name "Beatrice," its "Ausimmon" rose variety is sold under the trademarked name "Miranda," and its "Auspastor" rose is sold under the trademarked name "Patience." *Id.*

David Austin alleges that GCM Ranch sells roses that are identical to the patented roses. Doc. 26, Am. Compl., ¶ 32. David Austin attached each of the company's patents at issue in this lawsuit to its Amended Complaint. *Id.* ¶ 22; *see also* Doc. 26-1, Ex. 1–Doc. 26-19, Ex. 19. Additionally, David Austin included screenshots of GCM Ranch's online listings in its pleadings. Doc. 26-21, Ex. 21–Doc. 26-23, Ex. 23. For example, the following picture of the Auslevity rose variety, which is sold under the trademarked name "Beatrice," is attached to the Amended Complaint:



Doc. 26-13, Ex. 13, 5. And GCM Ranch sells the following rose that David Austin alleges is identical to the Beatrice rose:



Doc. 26-21, Ex. 21, 2.

GCM Ranch also allegedly uses David Austin's trademarked names to sell GCM Ranch's roses. *Id.* ¶ 29. One of GCM Ranch's customers received their roses in packaging labeled as "Beatrice," "Miranda," and "Patience." Doc. 26-21, Ex. 21, 4. These are the same names that David Austin has trademarked. Doc. 26, Am. Compl., ¶¶ 23(i), 23(k), 23(n).

David Austin asserts four causes of action—one patent claim and three Lanham Act claims. First, David Austin alleges that GCM Ranch willfully infringed nine of David Austin's plant patents. *Id.* ¶¶ 139–66. Second, David Austin alleges that GCM Ranch committed trademark infringement by using David Austin's trademarked names to sell GCM Ranch's roses in violation of 15 U.S.C. § 1114. *Id.* ¶¶ 167–77. Third, David Austin asserts a claim for False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A). *Id.* ¶¶ 178–88. Fourth, David Austin asserts a claim for Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). *Id.* ¶¶ 189–95.

GCM Ranch moves to dismiss all four of David Austin's claims. *See generally* Doc. 27, Mot. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "the Court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alteration in original) (citation omitted). But the Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (alteration omitted) (citation omitted).

## III.

## ANALYSIS

The Court grants in part and denies in part GCM Ranch's Motion to Dismiss. First, David Austin failed to state a claim for willful patent infringement. Second, David Austin sufficiently pleaded that there would be a likelihood of consumer confusion in connection with GCM Ranch using David Austin's trademarks. Thus, David Austin stated a plausible claim for relief for all three of its Lanham Act claims.

A.  *David Austin Did Not Sufficiently Plead Its Willful Patent Infringement Claim.*

David Austin adequately alleged that GCM Ranch knew of the nine plant patents at issue in this lawsuit, but David Austin failed to allege that GCM Ranch infringed the plant patents. As a preliminary matter, the Court applies the Federal Circuit's binding precedent to the "substantive issues of patent law" arising out of David Austin's claim for willful patent infringement. *See Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015). However, the Court applies the law of the Fifth Circuit with respect to any "general procedural question[s]." *See id.*

Willful patent infringement claims require plaintiffs to plausibly allege the "subjective willfulness of a patent infringer." *Halo Elects., Inc. v. Pulse Elects., Inc.*, 579 U.S. 93, 136 (2016). Plaintiffs must plausibly allege three elements to state a claim for willful patent infringement: (1) the defendant knew of the patent sued upon; (2) the defendant infringed the patent sued upon after learning of it; and (3) the defendant knew or should have known that its conduct constituted patent infringement. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 774 (W.D. Tex. 2022). The Court

concludes that David Austin adequately alleged the first element, but that it did not adequately allege the second or third elements.

1. David Austin Sufficiently Pleaded that GCM Ranch Knew of the Nine Patents Sued Upon.

The First Amended Complaint sufficiently alleges that GCM Ranch knew of the nine patents at issue in this lawsuit. Courts have concluded that allegations a defendant received a letter notifying the defendant of the plaintiff's patent is sufficient to survive a motion to dismiss on the knowledge element. *See ACQIS LLC v. Lenovo Grp. Ltd.*, No. 6:20-CV-00967-ADA, 2022 WL 2705269, at *5 (W.D. Tex. July 12, 2022).

While David Austin has not alleged that GCM Ranch received a letter notifying it of the nine plant patents, David Austin has alleged that the company marks every patented rose it sells with the plant's specific patent number. Doc. 26, Am. Compl., ¶ 21. Thus, someone who saw the marked rose would plausibly receive notice that the plant was subject to patent protection. Here, the Court can draw the reasonable inference that GCM Ranch saw David Austin roses and thus received notice that they were protected by a patent.

David Austin alleges that GCM Ranch sells roses identical to David Austin's patented roses. Doc. 26, Am. Compl., ¶ 29. GCM Ranch's roses also have the same names as David Austin's roses. *Id.* For example, David Austin sells one of its patented roses under the name "Effie." *Id.* GCM Ranch allegedly sells roses that look identical to the "Effie" roses and these roses are also named "Effie." *Id.*

David Austin has also included photographs demonstrating that GCM Ranch sells roses under the same names as David Austin's roses. One of GCM Ranch's customers left a review on GCM Ranch's website that included a picture of the roses the customer purchased. Doc. 26-21, Ex. 21, 4. In the picture, the roses were delivered in packaging labeled with the names "Beatrice,"

"Miranda," and "Patience." *Id.* David Austin sells roses under each of these three names. Doc. 26, Am. Compl., ¶¶ 23(i), 23(k), 23(n).

Because GCM Ranch allegedly sold roses that were identical to David Austin roses and because the GCM Ranch roses have the same names as the David Austin roses, the Court can draw the reasonable inference that GCM Ranch, at the very least, saw David Austin's patented roses. And because GCM Ranch saw the roses that are marked with their respective patent numbers, the Court can likewise draw the reasonable inference that GCM Ranch saw each rose's patent number. Accordingly, David Austin has plausibly alleged that GCM Ranch knew of all nine patents at issue in this suit.

GCM Ranch argues that marking a product with a patent number is insufficient to allege willful patent infringement. Doc. 32, Reply, 8. In support of this argument, GCM Ranch cites a case where the Federal Circuit affirmed a jury's finding of willful patent infringement. *Id.* (citing *Imonex Servs. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005)). There, the Federal Circuit explained that, to *prevail* on a claim for willful patent infringement, the plaintiff must *prove* that the defendant had actual notice of the plaintiff's patent rights—constructive notice is insufficient. *Imonex Servs.*, 408 F.3d at 1377. Thus, according to GCM Ranch, marking roses with their respective patent numbers is insufficient to allege the knowledge element. Doc. 32, Reply, 8. However, David Austin does not need to *prove* that GCM Ranch knew of the nine patents to survive a motion to dismiss—it only needs to *plausibly allege* that GCM Ranch knew of the nine patents. *See Twombly*, 550 U.S. at 570.

Importantly, David Austin has not only alleged that it marks its roses with their patent numbers. Instead, it has also alleged facts suggesting that GCM Ranch actually saw the marked roses

because GCM Ranch later sold identical roses with the same names used by David Austin. The Court finds that these allegations taken together are sufficient to plausibly allege knowledge of the patents at the pleadings stage.

> 2. David Austin Failed to Sufficiently Plead that GCM Ranch Asexually Reproduced the Patented Roses.

Patent law provides protections to the developers of new varieties of plants. *See* 35 U.S.C. § 163. Specifically, the owners of plant patents have "the right to exclude others from asexually reproducing the plant, and from . . . selling the plant so reproduced . . . throughout the United States, or from importing the plant so reproduced, or any parts thereof, into the United States." *Id.* A plant is asexually reproduced when it is "reproduced by means other than from seeds, such as by the rooting of cuttings, by layering, budding, grafting, inarching, etc." Manual of Patent Examining Procedure, § 1601 (U.S. Patent & Trademark Office 9th ed., Rev. 07.2022, Feb. 2023). To state a claim that GCM Ranch infringed its plant patents, David Austin must plausibly allege that GCM Ranch asexually reproduced the patented plants. *Cf. Imazio Nursery v. Dania Greenhouses*, 69 F.3d 1560, 1569 (Fed. Cir. 1995). Thus, allegations that only indicate GCM Ranch sells roses resembling David Austin's roses are insufficient to plausibly allege GCM Ranch is infringing David Austin's plant patents.

In *Driscoll's Inc. v. California Berry Cultivars, LLC*, the plaintiff alleged that the defendant "actively induced the use, importation, and/or asexual reproduction of its patented plant varieties." No. 2-19-CV-00493-TLN-CKD, 2021 WL 2808605, at *5 (E.D. Cal. July 6, 2021). However, the court found that the plaintiff did not adequately plead that a defendant asexually reproduced the patented plant because the plaintiff failed to provide any "factual allegations to explain how Defendants have produced an infringing plant that is an asexual reproduction." *Id.*

In contrast, another court found that the plaintiff adequately alleged a claim for infringement of a plant patent when it specifically alleged that the defendant used grafting to asexually reproduce a patented tree. *Wash. State Univ. v. Pro Orchard Mgmt. LLC*, No. 2:20-CV-00038-SMJ, 2020 WL 6435276, at *4–*5 (E.D. Wash. Nov. 2, 2020).

Here, David Austin has only included factual allegations that would allow the Court to draw the reasonable inference that GCM Ranch sells roses identical in appearance to David Austin's nine patented roses, which is insufficient to state a claim for infringing a plant patent. *See* Doc. 26, Am. Compl., ¶ 29. For example, David Austin attached pictures of David Austin's and GCM Ranch's respective roses to the Amended Complaint:

 

Doc. 26-13, Ex. 13, 5; Doc. 26-21, Ex. 21, 2.

But even though the roses resemble one another, David Austin has failed to plausibly allege that GCM Ranch's roses were asexually reproduced from David Austin's roses. For example, David Austin did not allege how GCM Ranch was asexually reproducing the patented roses—i.e., whether they did so by grafting, budding, or layering. *See* Manual of Patent Examining Procedure, § 1601 (U.S. Patent & Trademark Office 9th ed., Rev. 07.2022, Feb. 2023). Nor did David Austin include any other facts that would allow the Court to draw the reasonable inference that GCM Ranch's roses were asexually reproduced. Without any such allegations, the Court cannot draw the

reasonable inference that GCM Ranch asexually reproduced the patented roses, even though the roses are allegedly identical. *See Driscoll's Inc.*, 2021 WL 2808605, at *5.

David Austin argues that it adequately pleaded patent infringement because it alleged that GCM Ranch is asexually reproducing David Austin's patented roses. Doc. 29, Resp., 7; *see also* Doc. 26, Am. Compl., ¶¶ 141–42, 44–45, 51–55. David Austin then argues that it has plausibly alleged asexual reproduction because it alleged GCM Ranch sells roses protected by the plant patents, and the plant patents only prohibit others from selling roses that are asexually reproduced from the patented plants. Doc. 29, Resp., 7; *see also* Doc. 26, Am. Compl., ¶¶ 141–42, 44–45, 51–55. Both arguments fail because David Austin did not include any factual allegations to support the conclusion that the roses GCM Ranch sells were asexually reproduced from David Austin's patented plants. Without any such supporting factual allegations, David Austin's allegations with respect to asexual reproduction are conclusory, and the Court does not accept them as true. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Therefore, the Court rejects these arguments.

GCM Ranch separately argues that David Austin's patent infringement claims should be dismissed because David Austin failed to recite each patent's claim language in the Amended Complaint. Doc. 27, Mot., 6. This argument lacks merit. While David Austin's Amended Complaint does not contain the claim language for each patent at issue in this lawsuit, David Austin attached a copy of each patent to the Amended Complaint. *See* Docs. 26-1, Ex. 1–26-19, Ex. 19. Each patent includes pictures of the patented rose and the plant patent's claim language. *Id.* Because the patents are attached to the Amended Complaint, the patents' claim language are part of the pleadings. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) ("A written document that

is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding."). Accordingly, the Court rejects this argument.

In sum, David Austin failed to allege that GCM Ranch asexually reproduced the roses, and its conclusory allegations with respect to GCM Ranch asexually reproducing the patented roses are insufficient to state a claim for patent infringement. *See Driscoll's Inc.*, 2021 WL 2808605, at *5. Accordingly, the Court finds that David Austin has not plausibly alleged that GCM Ranch is infringing David Austin's nine plant patents.

> 3. David Austin Did Not Sufficiently Plead that GCM Ranch Should Have Known It Infringed the Plant Patents.

Because David Austin failed to plausibly allege that GCM Ranch infringed the nine plant patents, David Austin likewise failed to allege that GCM Ranch should have known it infringed the patents. *BillJCo, LLC*, 583 F. Supp. 3d at 774. Accordingly, the Court grants GCM Ranch's Motion to Dismiss as to Count I of the Amended Complaint. However, the Court grants David Austin leave to amend its willful patent infringement claim.

B.  *David Austin Has Adequately Alleged a Likelihood of Consumer Confusion as Necessary for its Three Lanham Act Claims.*

David Austin asserts the following three claims under the Lanham Act: (1) trademark infringement; (2) false designation of origin; and (3) unfair competition. Doc. 26, Am. Compl., ¶¶ 167–95. Unlike the patent infringement claim, the Court applies Fifth Circuit precedent to David Austin's Lanham Act claims. *See Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1304 (Fed. Cir. 2009) (applying the law of the regional circuit to a plaintiff's Lanham Act claims). A plaintiff asserting a federal trademark infringement claim must plausibly allege two elements: (1) that there was a valid registered trademark; and (2) that the defendant's use of the trademark "creates

a likelihood of confusion as to source, affiliation, or sponsorship." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). The Fifth Circuit has held that "[l]ikelihood of confusion is the paramount question in a trademark infringement action." *Appliance Liquidation Outlet, L.L.C. v. Axis Supply Corp.*, 105 F.4th 362, 380 (5th Cir. 2024) (quotation and alterations omitted). Lanham Act claims for false designation of origin and unfair competition also require demonstrating that the defendant's use of a registered mark "is likely to cause confusion among consumers." *York Grp., Inc. v. Horizon Casket Grp., Inc.*, 459 F. Supp. 2d 567, 576 (S.D. Tex. 2006); *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 483 (5th Cir. 2004). Thus, all three of David Austin's Lanham Act claims require plausibly alleging a likelihood of consumer confusion.

The Fifth Circuit has held that a court can dismiss a Lanham Act claim on the consumer confusion element "[w]here the factual allegations regarding consumer confusion are implausible." *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 428 (5th Cir. 2021). Courts within the Fifth Circuit use the "digits of confusion" when evaluating whether consumers are likely to be confused by the defendant's use of the protected mark. *Id.* at 427. These "digits" include but are not limited to "(1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009). No one "digit" is dispositive. *Id.*

GCM Ranch moves to dismiss all three of David Austin's Lanham Act claims, only arguing that David Austin failed to adequately allege that GCM Ranch's roses are likely to cause confusion among consumers. Doc. 27, Mot., 8–9.

Before assessing the adequacy of David Austin's pleadings, the Court must first clarify what "registered marks" are subject to trademark protection and thus could lead to a likelihood of consumer confusion. David Austin only has registered trademarks for the *names* of its nine roses. Doc. 26, Am. Compl., ¶ 23. Importantly, David Austin has not trademarked the roses themselves. *See id.* Thus, the Court must look to whether there would likely be any consumer confusion with respect to GCM Ranch using the *names* of the David Austin roses. *See* 15 U.S.C. § 1114(1) (creating civil liability only for someone who impermissibly uses a registered mark). This distinction is important as allegations that GCM Ranch sold roses that looked like David Austin's roses would be insufficient to allege a likelihood of consumer confusion because the roses are not registered marks. *Cf. Nola Spice Designs, L.L.C.*, 783 F.3d at 536.

Here, David Austin plausibly alleged a likelihood of consumer confusion. David Austin alleges that GCM Ranch sells roses that "bear the David Austin Trademarks." Doc. 26, Am. Compl., ¶ 28. Specifically, David Austin alleges that GCM Ranch sells roses using all nine trademarked names at issue in this lawsuit. *Id.* ¶ 29. Additionally, one GCM Ranch customer received roses in packaging labeled with David Austin's trademarked names. Doc. 26-21, Ex. 21, 4. These allegations directly address two of the digits of confusion: (1) GCM Ranch is using marks identical to the protected marks to (2) sell the exact same product. *See Xtreme Lashes, LLC*, 576 F.3d at 227. Therefore, the Court finds that David Austin's allegations addressing consumer confusion are not implausible—thus, they are sufficient to survive a motion to dismiss. *See McNeil Consultants, L.L.C.*, 10 F.4th at 428.

GCM Ranch argues that there is no consumer confusion as a matter of law because the websites "conspicuously" indicate that GCM Ranch is the seller. Doc. 27, Mot., 9. Thus, the

argument goes, no consumer would be confused about who is selling the roses because anyone can easily see that GCM Ranch is selling them. *See id.* While it is true that the screenshots attached to the Amended Complaint feature the GCM Ranch name "conspicuously," it is not implausible that GCM Ranch's use of the protected marks would confuse consumers because GCM Ranch is allegedly using the trademarked names to sell the exact same product. Because GCM Ranch is allegedly selling identical roses under the same names, a consumer might think that GCM Ranch is selling David Austin roses. While a jury could ultimately find that the likelihood of confusion element is not satisfied, these allegations are more than sufficient to state a claim. *See McNeil Consultants, L.L.C.*, 10 F.4th at 428. Accordingly, the Court denies GCM Ranch's Motion to Dismiss as to David Austin's Lanham Act claims—Counts II, III, and IV of the Amended Complaint.

C.    *The Court Grants David Austin Leave to Amend its Willful Patent Infringement Claim.*

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 566 (5th Cir. 2003).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and

emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

The Court grants David Austin leave to amend its claim for willful patent infringement. While David Austin failed to adequately allege that GCM Ranch asexually reproduced the David Austin roses, this deficiency does not appear to be incurable. *See Great Plains Tr.*, 313 F.3d at 329. Accordingly, the Court grants David Austin leave to amend to remedy the deficiencies discussed in this Order.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** GCM Ranch's Motion to Dismiss (Doc. 27). Specifically, the Court **GRANTS** the Motion with respect to Count I of David Austin's Amended Complaint but **DENIES** the Motion with respect to Counts II, III, and IV of the Amended Complaint. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Count I of David Austin's Amended Complaint. David Austin may file an amended complaint within **twenty-one (21)** days of this Order.

SO ORDERED.

SIGNED: January 28, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE