UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID AUSTIN ROSES LIMITED, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § § § | CIVIL ACTION NO. 3:24-CV-0882-B |
| GCM RANCH LLC; MIO REN; SPROUTIQUE LLC D/B/A ZEPHYR GARDEN; YUANYUAN LIU; FEIFEI ZHUO; and JOSE JAIMES, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants GCM Ranch LLC and Mio Ren (collectively, "GCM Ranch")'s Motion to Partially Dismiss Plaintiff David Austin Roses Limited ("David Austin")'s Second Amended Complaint (Doc. 35). For the following reasons, the Court **DENIES** the Motion.

### I.

### BACKGROUND

This case is about roses. David Austin develops "beautiful and popular English roses." Doc. 34, Second Am. Compl., ¶ 19. The company's rose plant varieties are proprietary. *Id.* ¶ 20. As such, each rose at issue in this lawsuit is patented. *Id.* For example, David Austin has patented its "Auslevity," "Ausimmon," and "Auspastor" rose varieties. *Id.* ¶ 20. GCM Ranch also sells roses. *Id.* ¶ 27. David Austin alleges that GCM Ranch is infringing nine of the company's plant patents. *Id.* ¶ 29.

David Austin alleges that GCM Ranch sells roses that are identical to the patented roses. *Id.* ¶¶ 32, 42, 51, 60, 69, 76, 83, 90, 97. David Austin attached each of the company's patents at issue

-1-

in this lawsuit to its Amended Complaint. *Id.* ¶ 22; *see also* Doc. 34-1, Ex. 1–Doc. 34-19, Ex. 19. Additionally, David Austin included screenshots of GCM Ranch's online listings in its pleadings. Doc. 34-21, Ex. 21–Doc. 34-23, Ex. 23. For example, the following picture of the Auslevity rose variety is attached to the Amended Complaint:



Doc. 34-13, Ex. 13, 5. And GCM Ranch sells the following rose that David Austin alleges is identical to the Auslevity rose:



Doc. 34-21, Ex. 21, 2.

David Austin's patented roses are hybrid varieties. Doc. 34, Second Am. Compl., ¶¶ 37, 46, 55, 64, 71, 78, 85, 92, 99. A hybrid-variety rose cannot be "true-to-type reproduced sexually." *Id.* ¶ 37. This means that the patented roses' seeds cannot be used to create roses that are identical to the patented roses. *Id.*

David Austin alleges that GCM Ranch creates its roses by asexually reproducing David Austin's patented roses. *Id.* ¶¶ 36–38. Specifically, GCM Ranch obtains stem cuttings from David Austin's patented roses and then roots the stem cuttings to create a new plant. *Id.* ¶ 36. David Austin also alleges that GCM Ranch takes a bud or cutting of the patent roses to create a new, asexually reproduced plant in a process known as grafting. *Id.* ¶ 38.

David Austin asserts four causes of action. David Austin alleges that GCM Ranch willfully infringed nine of David Austin's plant patents. Doc. 34, Second Am. Compl., ¶¶ 279–306. David Austin also asserts three Lanham Act claims. *Id.* ¶¶ 307–35. GCM Ranch previously moved to dismiss all four of David Austin's claims. Doc. 27, Mot., 1. The Court denied the Motion to Dismiss as to David Austin's Lanham Act claims but granted the Motion as to David Austin's willful patent infringement claim. Doc. 33, Mem. Op. & Order, 15. The Court granted David Austin leave to amend this claim. *Id.* David Austin filed its Second Amended Complaint, which contains additional allegations in support of its willful patent infringement claim. *See generally* Doc. 34, Second Am. Compl. GCM Ranch again moves to dismiss this claim, arguing that David Austin has failed to allege that GCM Ranch infringed the asserted plant patents. Doc. 35, Mot. Dismiss, 3. The Court considers the Motion below.

.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "the Court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alteration in original) (citation omitted). But the Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (alteration omitted) (citation omitted).

## III.

## ANALYSIS

The Court denies GCM Ranch's Motion to Dismiss because David Austin plausibly alleged a claim for willful patent infringement. As a preliminary matter, the Court applies the Federal Circuit's binding precedent to the "substantive issues of patent law" arising out of David Austin's claim for willful patent infringement. *See Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015). However, the Court applies the law of the Fifth Circuit with respect to any "general procedural question[s]." *See id.*

Willful patent infringement claims require plaintiffs to plausibly allege the "subjective willfulness of a patent infringer." *See Halo Elects., Inc. v. Pulse Elects., Inc.*, 579 U.S. 93, 136 (2016). Plaintiffs must plausibly allege three elements to state a claim for willful patent infringement: (1) the defendant knew of the patent sued upon; (2) the defendant infringed the patent sued upon after learning of it; and (3) the defendant knew or should have known that its conduct constituted patent infringement. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 774 (W.D. Tex. 2022). The Court previously found that David Austin adequately alleged the first element of this claim, so only the second and third elements are at issue in this Order. Doc. 33, Mem. Op. & Order, 7–8. Because David Austin adequately alleged both elements, the Court denies GCM Ranch's Motion to Dismiss.

A.   *David Austin Alleged That GCM Ranch Infringed David Austin's Plant Patents.*

David Austin has plausibly alleged that GCM Ranch's roses infringed the patented roses. Patent law provides protections to the developers of new varieties of plants. *See* 35 U.S.C. § 163. Specifically, the owners of plant patents have "the right to exclude others from asexually reproducing the plant, and from . . . selling the plant so reproduced . . . throughout the United States." *Id.* A

plant is asexually reproduced when it is "reproduced by means other than from seeds, such as by the rooting of cuttings, by layering, budding, grafting, inarching, etc." MPEP (9th ed., Rev. 7, Feb. 2023), § 1601. To state a claim that GCM Ranch infringed its plant patents, David Austin must plausibly allege that GCM Ranch asexually reproduced the patented plants. *See Imazio Nursery, Inc. v. Dania Greenhouses*, 69 F.3d 1560, 1569 (Fed. Cir. 1995).

Allegations that only indicate GCM Ranch sells roses resembling David Austin's roses are insufficient to state a claim for patent infringement. For example, in *Driscoll's Inc. v. California Berry Cultivars, LLC*, the plaintiff alleged that the defendant "actively induced the use, importation, and/or asexual reproduction of its patented plant varieties." No. 2-19-CV-00493-TLN-CKD, 2021 WL 2808605, at *5 (E.D. Cal. July 6, 2021). But the plaintiff did not adequately plead that the defendant asexually reproduced the patented plant because the plaintiff failed to provide any "factual allegations to explain how Defendants have produced an infringing plant that is an asexual reproduction." *Id.* In contrast, another court found that a plaintiff adequately alleged a claim for infringement of a plant patent when the plaintiff specifically alleged that the defendant used grafting to asexually reproduce a patented tree. *Wash. State Univ. v. Pro Orchard Mgmt. LLC*, No. 2:20-CV-00038-SMJ, 2020 WL 6435276, at *4 (E.D. Wash. Nov. 2, 2020).

Here, David Austin plausibly alleged that GCM Ranch asexually reproduced the patented roses by alleging that the roses have the same appearance, same characteristics, and the same DNA. First, David Austin alleges that GCM Ranch's roses look exactly like David Austin's roses. *See* Doc. 34, Second Am. Compl., ¶¶ 32, 42, 51, 60, 69, 76, 83, 90, 97. For example, David Austin attached pictures of David Austin's and GCM Ranch's respective roses to the Amended Complaint:

 

Doc. 34-13, Ex. 13, 5; Doc. 34-21, Ex. 21, 2.

Second, David Austin alleges that GCM Ranch's roses have the same characteristics as David Austin's roses. For example, one GCM Ranch rose had the same "plant structure, stem and leaf shape and color," and the roses have the same "prickle quantity" as the David Austin rose variety. Doc. 34, Second Am. Compl., ¶ 33.

Third, David Austin alleges that at least some of the roses have the same DNA. David Austin performed DNA testing on several GCM Ranch roses to confirm that GCM Ranch's roses are the same variety as David Austin's patented roses. *Id.* And while allegations of physical resemblance cannot independently state a claim for infringing a plant patent, David Austin includes several new allegations to bolster its claims. For example, David Austin has alleged that the patented roses are hybrid-rose-varieties. Doc. 34, Second Am. Compl., ¶¶ 37, 46, 55, 64, 71, 78, 85, 92, 99. The seeds of a hybrid-variety-rose split the plant's genetic material and result in a plant that is "very different" from the parent plant. *Id.* ¶ 37. Thus, sexual reproduction cannot create an identical version of a hybrid-rose-variety, which means that asexual reproduction is the only way to create an identical version of a hybrid-rose-variety. *See id.* In short, GCM Ranch is allegedly (1) selling roses that are identical to David Austin's patented roses, (2) that are the same variety as the patented roses, and (3) that could only be created using asexual reproduction.

Additionally, David Austin has also remedied the deficiency in its original Complaint by alleging how GCM Ranch's roses were asexually reproduced. David Austin first alleges that GCM Ranch asexually reproduces the patented varieties with the "rooting of cuttings" method, which involves taking "stem cuttings from a plant . . . and rooting such cuttings" to create a new plant of the same variety. Doc. 34, Second Am. Compl., ¶ 36. Additionally, GCM Ranch advertises that its roses are "on their own roots," which means they were created by rooting a cutting from another rose to create a new plant of the same variety. *Id.* David Austin has also purchased some GCM Ranch roses and observed "that the plants were grown on their own roots." *Id.* Thus, David Austin has adequately alleged that GCM Ranch's roses were asexually reproduced.

David Austin then alleges that GCM Ranch has also asexually reproduced the patented varieties by using the grafting method. GCM Ranch has "tak[en] a bud or cutting from a patented plant and graft[ed] that bud or cutting onto rootstock." *Id.* ¶ 38. Thus, David Austin has alleged that GCM Ranch is asexually reproducing the patented plants by both rooting cuttings from the patented plants and by using the grafting method. *See* MPEP (9th ed., Rev. 7, Feb. 2023), § 1601.

In sum, GCM Ranch is selling roses that are identical to David Austin's patented roses. They have the same appearance, the same characteristics, and at least some of them have the same DNA. David Austin's patented roses are also hybrid-rose-varieties, which means that identical versions of them can only be created using asexual reproduction. And David Austin has explained how GCM Ranch asexually reproduces the patented roses. These allegations are more than enough to state a claim for willful patent infringement. *See Wash. State Univ.*, 2020 WL 6435276, at *4.

GCM Ranch offers several arguments for why David Austin has failed to allege that GCM Ranch is infringing the plant patents. All fail. GCM Ranch first argues that allegations that it rooted

a stem cutting is merely a conclusory assertion that GCM Ranch asexually reproduced David Austin's roses. Doc. 35, Mot. Dismiss, 4. The Court disagrees. This allegation is not a legal conclusion because it provides specific facts explaining how GCM Ranch asexually reproduced the patented roses.

Next, GCM Ranch argues that selling roses "on their own roots" does not establish that GCM Ranch's roses were asexually reproduced "because all plants have roots." Doc. 35, Mot. Dismiss, 4. GCM Ranch misinterprets this allegation. David Austin is not alleging that the roses have roots—David Austin is alleging that GCM Ranch's roses are sold "on their own roots." Doc. 34, Second Am. Compl., ¶ 36. Based on the allegations in the Second Amended Complaint, which the Court must take as true, a rose that is sold on its own roots was created using a cutting from another rose. *Id.* Thus, any rose sold "on its own root" was reproduced asexually. *See* MPEP (9th ed., Rev. 7, Feb. 2023), § 1601. Therefore, alleging that GCM Ranch's roses are sold on their own roots means that David Austin has alleged that GCM Ranch asexually reproduced David Austin's roses.

GCM Ranch then argues that David Austin has failed to state a claim because it did not allege when, where, who, or how GCM Ranch asexually reproduced the patented roses. *See* Doc. 35, Mot. Dismiss, 5–6. This argument lacks merit. GCM Ranch attempts to impose Rule 9(b)'s heightened pleading standard on claims for willful patent infringement. *Cf. Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003) ("Rule 9(b) requires the who, what, when, where, and how to be laid out." (quotation omitted)). But David Austin's claim for willful patent infringement is not subject to Rule 9(b)'s heightened pleading standard. *See Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega systems, LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003) ("[T]he pleading requirement for willful

-9-

infringement does not rise to the stringent standard required by Rule 9(b)."). Thus, David Austin does not need to allege when, where, or who infringed its plant patents to state a claim for relief. And David Austin thoroughly alleged how GCM Ranch asexually reproduced the patented roses, as the Court discussed above. Accordingly, the Court rejects this argument.

GCM Ranch lastly contends that David Austin's DNA testing "is inconclusive and incomplete." Doc. 35, Mot. Dismiss, 6–7. GCM Ranch argues that a DNA report would explain the probability that the tested roses are the same variety, but the Second Amended Complaint does not include this information. *Id.* at 6. GCM Ranch then contends that the Court cannot assess the credibility of the DNA reports because David Austin did not provide any details about "the name of the organization who conducted the DNA analysis, or the credentials of the person(s) who signed off on the analysis." *Id.* at 6–7. These arguments are effectively challenging the accuracy of David Austin's allegations, which is inappropriate at the pleadings stage. *See Walker*, 938 F.3d at 735 ("[T]he Court *must* accept all well-pleaded facts as true." (emphasis added)). Accordingly, the Court rejects this last argument.

B.  *David Austin Alleged That GCM Ranch Knew or Should Have Known It Infringed David Austin's Plant Patents.*

The third element of a willful patent infringement claim is that the defendant knew or should have known that its conduct constituted patent infringement. *BillJCo, LLC*, 583 F. Supp. 3d at 774. GCM Ranch only argues that David Austin failed to adequately allege the third element because David Austin did not sufficiently allege that GCM Ranch infringed the plant patents. Doc. 35, Mot. Dismiss, 7. The Court rejects this argument because David Austin plausibly alleged that GCM Ranch infringed the plant patents. Accordingly, the Court denies GCM Ranch's Motion to Dismiss David Austin's claim for willful patent infringement.

IV.

CONCLUSION

For the reasons discussed above, the Court **DENIES** GCM Ranch's Motion to Dismiss (Doc. 35). In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), GCM Ranch must file an answer to the Second Amended Complaint within **fourteen (14)** days of this Order.

**SO ORDERED**.

**SIGNED: June 4, 2025**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE