**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DAVID AUSTIN ROSES LIMITED,<br><br>                Plaintiff,<br>   v.<br><br>GCM RANCH LLC, MIO REN, FEIFEI ZHUO,<br>AND JOSE JAMIES.<br><br>                Defendants. | Case No.: 3:24-CV-00882-B |

**GCM DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S INITIAL**

**DISCLOSURES AND FOR SANCTIONS AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

I.     **INTRODUCTION** ....................................................................................1

II.    **BACKGROUND** ....................................................................................2

    A.    The Deficient Disclosures. .................................................................. 2

    B.    The Hidden Evidence................................................................................ 2

    C.    The Refusal to Cure ................................................................................ 3

    D.    The Refusal to Cure and Counsel's Intransigence................................... 3

III.    **LEGAL STANDARD** ............................................................................4

    A.    The Mandatory Duty to Disclose Under Rule 26(a) ............................... 4

    B.    Authority to Compel and the Requirement of Good Faith ..................... 4

    C.    The Consequence of Failure: Rule 37(c) and the Fifth Circuit
          Analysis................................................................................................... 5

IV.    **ARGUMENT** ........................................................................................6

    A.    Plaintiff Must Disclose the "Annex" Documents It Is
          Affirmatively Using to Support Its Claims. ............................................. 6

          1.    The "Client-to-Client" Communication Proves Possession. ......... 6

          2.    Plaintiff Cannot Feign Ignorance.................................................... 7

    B.    Plaintiff Must Disclose Knowledgeable Witnesses and Certify
          Preservation of Mr. Minton's Data............................................................ 7

          1.    Mr. Minton is the Key Investigator, Not a Fungible
               Employee. ........................................................................................ 8

          2.    The Suspicious Timing Raises Grave Spoliation Concerns. ........ 8

          3.    Plaintiff's Counsel Concealed the Witness's Departure............... 9

    C.    Plaintiff Must Provide a Damages Computation Based on
          "Available" Information................................................................................ 9

V.    **REQUEST FOR SANCTIONS** ....................................................... 10

**VI.     CONCLUSION** ................................................................................................ **11**

# Table of Authorities

## Cases

*Norton v. Assisted Living Concepts, Inc.*,

    786 F. Supp. 2d 1173 (N.D. Tex. 2011) ....................................................................5, 6

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*,

    73 F.3d 546 (5th Cir. 1996) ..............................................................................................6

*Tex. A&M Rsch. Found. v. Magna Transp., Inc.*,

    338 F.3d 394 (5th Cir. 2003) .............................................................................6, 7, 9, 10

## Other

Fed. R. Civ. P. 26 .............................................................................................1, 4, 5, 6, 7, 8, 9

Fed. R. Civ. P. 26 Advisory Committee's Note (1993) ....................................................4

Fed. R. Civ. P. 37 ...............................................................................................1, 4, 5, 10, 11

Defendants GCM Ranch LLC and Mio Ren ("Defendants") respectfully move this Court pursuant to Fed. R. Civ. P. 37(a) for an order compelling Plaintiff David Austin Roses Limited ("Plaintiff") to provide complete Initial Disclosures as required by Rule 26(a)(1) and for sanctions.

## I.    INTRODUCTION

Plaintiff is attempting to litigate by ambush. While its Second Amended Complaint ("SAC") alleged infringement of 20 patents and 28 trademarks (ECF No. 34), Plaintiff unilaterally expands the scope of this dispute through discovery requests to cover 34 patents and 57 trademarks. Furthermore, despite pleading no specific damages in its SAC, Plaintiff's Initial Disclosures now demand a staggering $24,500,000 in statutory and enhanced damages. Yet, in its mandatory Initial Disclosures, Plaintiff identified only one witness (who has since quit), refused to produce the very documents it is actively using to demand a settlement, and failed to provide any non-speculative calculation for its damages claim.

Rule 26(a)(1) requires a party to disclose documents and witnesses it "may use to support its claims." Plaintiff's conduct reveals a stark double standard: it is using specific audit data ("Annexes") to threaten Defendants in settlement letters while simultaneously withholding that same evidence from discovery to maintain a speculative damages theory. Defendants have attempted to resolve these deficiencies in good faith, but Plaintiff has refused to cure them. Defendants therefore request an order compelling Plaintiff to immediately supplement its disclosures and awarding Defendants their reasonable expenses.

## II.    BACKGROUND

### A.    The Deficient Disclosures.

On August 22, 2025, Plaintiff served its Supplemental Initial Disclosures (Ex. A). The disclosures were deficient and evasive on their face:

- **Witnesses:** Plaintiff identified only one individual: Gareth Minton, a "Brand Protection Manager."

- **Damages:** Plaintiff provided no calculation of actual damages, instead listing only a speculative "estimate" and defaulting to a statutory maximum claim of $24,500,000.

- **Documents:** Plaintiff failed to identify any specific sales audits, investigation reports, or the "Annex" data it possesses.

### B.    The Hidden Evidence

On November 6, 2025, Plaintiff sent a settlement demand letter to Defendant Mio Ren (Ex. B). In that letter, Plaintiff explicitly referenced and relied upon:

- **"Annex 1":** Details relating to evidence gathered;

- **"Annex 2":** An "audit" of Defendants' Etsy store showing "1,043 unit-sales"; and

- **"Annex 3":** Sales records for the GoAirmart store.

These documents prove Plaintiff possesses and is affirmatively using specific data to support its claims, yet none were disclosed in Exhibit A.

2

### C.    The Refusal to Cure

On November 19, 2025, Plaintiff's counsel confirmed that Mr. Minton—the sole disclosed witness—has left the company (Ex. D at 4). Counsel stated they would "supplement" the list to identify individuals Plaintiff "may now use," implying Minton would be removed (*Id.*). Plaintiff further refused to provide a damages calculation, claiming it was waiting for Defendants' documents (Ex. D at 23). Defendants' final attempt to resolve the impasse on November 21 was met with a refusal to produce the specific documents used in the settlement letter (Ex. D at 67).

### D.    The Refusal to Cure and Counsel's Intransigence

On November 19, 2025, Ms. Ava Lutz—an attorney not admitted in this District—responded on behalf of Plaintiff, refusing to cure the deficiencies (Ex. D at 4). When Defendants objected to negotiating substantive discovery disputes with non-admitted counsel, Plaintiff's lead counsel, Travis Bliss, intervened—not to cure the deficiencies, but to double down on the refusal.

Mr. Bliss expressly adopted Ms. Lutz's position, stating: "Plaintiff's response to your emails... can be found in Ms. Lutz's email from earlier today and it will not be repeated herein" (Ex. D at 23).

When Defendants attempted to engage Mr. Bliss directly on the controlling law regarding the unauthorized practice of law, Mr. Bliss dismissed Defendants' efforts to ensure compliance with Local Rules as "frankly ridiculous" and refused to engage further (Ex. D at 46).

Mr. Bliss's explicit ratification of Ms. Lutz's refusal confirms that Plaintiff has no intention of producing the "Annex" documents or witness information. The impasse is total.

## III.    LEGAL STANDARD

### A.    The Mandatory Duty to Disclose Under Rule 26(a)

Rule 26(a)(1) creates a mandatory duty for litigants to disclose basic information without awaiting a discovery request. This includes the identity of individuals likely to have discoverable information, a copy—or description—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, and a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A). The moving party need only demonstrate the relevance of the information sought, as Rule 26 is designed to accelerate the exchange of basic information essential to the case. *See* Fed. R. Civ. P. 26 Advisory Committee's Note (1993).

### B.    Authority to Compel and the Requirement of Good Faith

When a party fails to make these required disclosures, Rule 37(a) authorizes the opposing party to move for an order compelling disclosure. Fed. R. Civ. P. 37(a)(3)(A). A precondition to such a motion is the certification that the movant has

in good faith conferred or attempted to confer with the opposing party to obtain the disclosure without court action. Fed. R. Civ. P. 37(a)(1).

The Court possesses broad discretion in ruling on a motion to compel. If the motion is granted—or if the disclosure is provided after the motion was filed—the Court must, after giving an opportunity to be heard, require the party or attorney advising the conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

### C.    The Consequence of Failure: Rule 37(c) and the Fifth Circuit Analysis

The Fifth Circuit enforces strict adherence to disclosure obligations. Under Rule 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a), that party is not allowed to use that information or witness to supply evidence unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

To determine whether a failure to disclose is harmless or substantially justified, the Fifth Circuit applies a four-factor test:

1. The importance of the evidence;

2. The prejudice to the opposing party of including the evidence;

3. The possibility of curing such prejudice by granting a continuance; and

4. The explanation for the party's failure to disclose.

*Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *see also Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1189 (N.D. Tex. 2011).

While a motion to compel is the standard vehicle to address these deficiencies, the Fifth Circuit has noted that Rule 37 does not strictly require a prior motion to compel before sanctions are imposed if the failure is egregious. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996). This underscores the gravity of the disclosure obligation: the burden is on the non-disclosing party to demonstrate that their failure was harmless to avoid sanctions. *Norton*, 786 F. Supp. 2d at 1189.

## IV.    ARGUMENT

### A.    Plaintiff Must Disclose the "Annex" Documents It Is Affirmatively Using to Support Its Claims.

Rule 26(a)(1)(A)(ii) requires a party to provide a copy or description of all documents "the disclosing party… may use to support its claims." This standard is objective: if a party relies on a document to assert liability or quantify damages, it must be disclosed.

#### 1.    The "Client-to-Client" Communication Proves Possession.

On November 6, 2025, Plaintiff sent a settlement demand explicitly relying on specific "Annexes" (1 through 3) containing forensic audit data and sales records (Ex. B). Plaintiff used this data to allege a specific volume of infringement ("1,043 unit-sales") and demand $125,000 (*Id.*). Plaintiff cannot shield these documents

6

from the Court and Defendants while simultaneously wielding them as a sword to extract a settlement.

### 2.     Plaintiff Cannot Feign Ignorance.

The settlement letter was clearly drafted with the assistance of counsel, as evidenced by its specific reference to the parties' exchange of "Requests for Production of Information"—a formal discovery term—and its reliance on structured "Annexes" detailing a forensic audit. This confirms that Plaintiff's counsel was in possession of the "Annex" audit data and was actively using it to formulate legal demands at the very same time counsel was telling Defendants they had no documents to produce. This demonstrates that the failure to disclose was not an oversight, but a willful concealment.

Applying the *Tex. A&M* factors, this failure is not harmless. The evidence (an audit of actual sales) is critically important to rebut Plaintiff's $24.5 million demand. Defendants are prejudiced by being forced to litigate against a phantom damages number while the real data is suppressed.

### B.     Plaintiff Must Disclose Knowledgeable Witnesses and Certify Preservation of Mr. Minton's Data.

Rule 26(a)(1)(A)(i) requires the disclosure of "each individual" likely to have discoverable information. Plaintiff's disclosure of only one witness—who has now departed—is insufficient. More importantly, Plaintiff's refusal to provide contact information for that witness, Mr. Gareth Minton, creates an immediate risk of spoliation given his central role in the case.

### 1. Mr. Minton is the Key Investigator, Not a Fungible Employee.

Plaintiff's counsel has indicated that because Mr. Minton left the company, they will identify only the individuals Plaintiff "may now use." This implies Plaintiff intends to remove Mr. Minton from its disclosures. This is improper. Mr. Minton conducted the pre-suit investigation and the "audit" referenced in Plaintiff's settlement demand (Ex. B). Plaintiff must use his testimony to authenticate that evidence. Therefore, he remains a required disclosure. Because Mr. Minton is no longer an employee, Plaintiff must provide his address and telephone number as required by Rule 26(a)(1)(A)(i).

### 2. The Suspicious Timing Raises Grave Spoliation Concerns.

Plaintiff's refusal to provide Mr. Minton's contact information is particularly alarming given his central role. Mr. Minton has been the key investigator in this dispute for over two years.

- **Long-Term Involvement:** On February 16, 2023, Mr. Minton personally contacted Defendant Mio Ren via Etsy to interrogate her regarding her supply sources and demand the removal of listings (Ex. C).

- **Recent Activity:** On November 6, 2025—less than two weeks before his departure—Mr. Minton signed a settlement letter demanding $125,000 based on an "audit" he apparently conducted (Ex. B).

Mr. Minton was actively managing this litigation days before he "left." His abrupt departure, combined with Plaintiff's refusal to identify any other

knowledgeable witness or provide his contact information, creates an imminent risk that his custodial data will be lost or destroyed.

### 3. Plaintiff's Counsel Concealed the Witness's Departure.

Plaintiff's failure to disclose a substitute witness is not an innocent administrative delay; it is a calculated tactic. Public records reveal that Mr. Minton announced his resignation on LinkedIn between October 26 and November 1, 2025—at least three weeks ago—stating clearly: "I'll be leaving the company on the 18th November" (Ex. E). Plaintiff's counsel, Mr. Bliss, publicly commented on this very post (*Id.*).

Counsel knew for **at least 18 days** that his sole disclosed witness was leaving. Yet, he failed to supplement the disclosures or preserve Minton's contact information. Instead, counsel waited until after Minton departed to use the "vacancy" as an excuse to delay discovery further. Under the *Tex. A&M* test, there is no valid explanation for this delay.

Because Mr. Minton is no longer an employee, Plaintiff must strictly comply with Rule 26(a)(1)(A)(i) by providing his address and telephone number. Furthermore, given the risk of spoliation, Defendants request that the Court order Plaintiff to certify that a "litigation hold" has been placed on all devices and accounts used by Mr. Minton prior to his departure.

9

### C. Plaintiff Must Provide a Damages Computation Based on "Available" Information.

Rule 26(a)(1)(A)(iii) requires a damages computation based on information "then reasonably available." Plaintiff claims it cannot calculate damages without discovery from Defendants. This is false. Plaintiff's own November 6 letter proves it *already* possesses an audit identifying "1,043 unit-sales" (Ex. B). Plaintiff has the information necessary to provide a non-speculative computation but chooses to rely on a "fantastical" $24.5 million statutory maximum to pressure Defendants. Plaintiff must be compelled to provide a computation based on the specific data it admits to having.

Finally, Plaintiff's claim that it lacks resources to comply with Rule 26 is belied by its conduct. On November 21—the very day it refused to cure these deficiencies—Plaintiff filed a meritless Motion to Strike (ECF No. 71) regarding a procedural briefing issue. Plaintiff has the resources to litigate; it simply chooses to prioritize harassment over mandatory disclosure. Defendants respectfully request their reasonable expenses incurred in filing this motion pursuant to Rule 37(a)(5)(A).

## V. REQUEST FOR SANCTIONS

Plaintiff's failure to disclose is neither substantially justified nor harmless. Applying the Fifth Circuit's *Tex. A&M* factors confirms that sanctions—specifically the award of fees and an order to compel—are necessary. *See Tex. A&M Rsch. Found.*, 338 F.3d at 394.

1.      **Importance of the Evidence:** The withheld "Annexes" and the testimony of the sole investigator (Mr. Minton) are the foundation of Plaintiff's liability case.

2.      **Prejudice to Defendants:** Defendants cannot prepare for depositions, assess exposure, or meaningfully engage in settlement discussions without the audit data Plaintiff is hiding.

3.      **Possibility of Cure:** A continuance cannot cure the willful withholding of evidence; only an immediate order to compel can rectify this prejudice.

4.      **Explanation for Failure:** Plaintiff offers no valid justification. The "Annexes" exist, and Plaintiff has them. Mr. Minton's departure was known to counsel weeks in advance. The failure to disclose was a strategic choice, not an oversight.

Pursuant to Rule 37(a)(5)(A), because Plaintiff's nondisclosure was not substantially justified, the Court "must" require the party or attorney advising the conduct to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Plaintiff's willful withholding of documents it was actively using for settlement purposes, and its concealment of its witness's departure, confirms a lack of justification. Defendants respectfully request such an award.

11

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court

GRANT this Motion and order Plaintiff to supplement its Initial Disclosures within

seven (7) days.

Respectfully submitted,

Date: November 24, 2025                    /s/ *Jingjing Ye Bennett*
                                           Jingjing Ye Bennett
                                           **YE & ASSOCIATES, P.C.**
                                           3400 N Central Expy, Suite 110-321
                                           Richardson, TX 75080
                                           Tel: 469.410.5232
                                           Fax: 469.751.5507
                                           ATTORNEYS FOR GCM RANCH LLC
                                           AND MIO REN

## <u>CERTIFICATE OF CONFERENCE</u>

From November 17 through November 21, 2025, counsel for Defendants conferred with counsel for Plaintiff via extensive email correspondence regarding specific deficiencies in Plaintiff's Initial Disclosures.

1.  **The Initial Demands:** On November 17 and 18, 2025, Defendants served detailed letters outlining Plaintiff's failure to disclose damages calculations, witness contact information, and the "Annex" audit documents used in settlement demands (Ex. D at 1–3).

2.  **The Dispute Regarding Representation:** On November 19, 2025, Ms. Ava Lutz—an attorney not admitted in this District—responded on behalf of Plaintiff, refusing to cure the deficiencies (Ex. D at 4). Defendants promptly objected to negotiating substantive discovery disputes with non-admitted counsel and requested a response from admitted counsel (Ex. D at 10).

3.  **The Ratification by Admitted Counsel:** On the evening of November 19, 2025, Plaintiff's admitted counsel, Mr. Travis Bliss, responded. He acknowledged his involvement but expressly ratified Ms. Lutz's refusal to cure the deficiencies, stating that Plaintiff's position "can be found in Ms. Lutz's email... and it will not be repeated herein" (Ex. D at 23).

4.  **The Refusal to Engage:** On November 21, 2025, Defendants again objected to Ms. Lutz's status and attempted to engage Mr. Bliss on the substantive legal requirements. Mr. Bliss responded by characterizing Defendants'

position as "frankly ridiculous" and refused to provide further legal

justification (Ex. D at 46).

5.    **Final Impasse:** On November 21, 2025, Mr. Bliss sent multiple emails

refusing to produce documents by the deadline. In a final exchange

concluding at 2:36 PM, Defendants reiterated the demand for the "Annexes"

and Mr. Minton's contact information (Ex. D at 67). Mr. Bliss confirmed

Plaintiff would not produce the documents or information as requested (Ex. D

at 78).

The parties have reached an impasse. The Motion is opposed.

/s/  *Jingjing Ye Bennett*
Jingjing Ye Bennett

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 24, 2025.

/s/ *Jingjing Ye Bennett*
Jingjing Ye Bennett