YE & ASSOCIATES

Jingjing Ye
Managing Attorney
Ye & Associates, P.C.
3400 N Central Expy Suite 110-321
Richardson, TX 75080
469-410-5232
jye@yefirm.com

November 25, 2025

**VIA EMAIL**

Travis W. Bliss, Ph.D.,
Partner,
Panitch Schwarze Belisario & Nadel LLP,
TBliss@panitchlaw.com

**RE: DEFICIENCIES IN PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Dear Travis,

We are in receipt of Plaintiff's Responses to Defendants' First Set of Interrogatories ("ROGs") and Requests for Production ("RFPs"). Upon review, several responses are deficient, evasive, or rely on improper boilerplate objections.

**1. Inventorship and the Hidden Team (ROG Nos. 5 & 6 / RFP No. 7)**

Plaintiff's responses reveal a troubling contradiction regarding the individuals with knowledge of the asserted patents.

In response to ROG No. 5, Plaintiff admitted that "Carl Bennett, the breeding manager... and other members of the breeding department carried out certain hands-on aspects of the breeding process... such as performing the crosses". In response to ROG No. 6, Plaintiff identified 12 additional individuals (including Lucy Wiggin, Kieran Jones, and Richard Pearson) who possessed sufficient knowledge to have access to the Brand Protection and Licensing data.

Despite these admissions, Plaintiff failed to disclose any of these individuals in its Rule 26 Initial Disclosures, listing only the now-departed Gareth Minton. Furthermore, in response to RFP No. 7—which specifically requested documents relating to the role of persons "other than the named Inventors"—Plaintiff objected that the request was "not proportional to the needs of the case".

In a patent infringement suit, proper inventorship under 35 U.S.C. § 116 is a threshold validity issue. Hiding the actual breeders is improper.

**We Demand:**

1. Plaintiff to confirm that Plaintiff will supplement its Initial Disclosures to include **Carl Bennett** and the individuals identified in ROG No. 6; and
2. Plaintiff to withdraw the "proportionality" objection to RFP No. 7 and confirm Plaintiff will produce all laboratory notebooks, breeding logs, and communications involving these individuals.

**2. The Damages Loop and Withheld Data (ROG No. 2)**

Plaintiff's responses regarding damages are evasive and circular. ROG No. 2 asked for the factual basis of Plaintiff's damages. Plaintiff refused to answer, stating: "Plaintiff refers Defendants to... Plaintiff's Initial... Disclosures". However, those Disclosures contain no calculation, merely a lump sum of $24.5 million. You cannot answer an interrogatory by pointing to a document that does not contain the answer. Furthermore, Plaintiff is withholding specific audit documents (the "Annexes" referenced in the November 6 settlement letter) that are directly responsive to ROG No. 2's request for documents "supporting" the claim.

**We Demand:** Plaintiff must stop hiding the math. Please supplement ROG No. 2 with a narrative response detailing the actual calculation for the $24.5 million figure and confirm Plaintiff will produce all damages-related documents, including the "Annex" audit reports.

**3. Prior Art (ROG No. 4)** Plaintiff refused to answer ROG No. 4 (identifying prior art), claiming the request is "unclear, vague, and ambiguous". "Prior art" is a statutorily defined term of art in patent law. Refusing to identify the prior art cited during prosecution or known to Plaintiff is obstructionist.

**We Demand:** Please supplement ROG No. 4 to identify all known prior art references.

**4. Waiver of "Subject To" Objections (All RFPs)**

Plaintiff asserted boilerplate objections and then stated it would produce documents "Subject to the foregoing... objections". Conditional objections are improper in federal court and preserve nothing. *See Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014).

**We Demand:** Please serve amended responses withdrawing these conditional objections and confirming clearly whether any responsive documents are being withheld on the basis of these objections.

We expect a written response curing these deficiencies by **December 2, 2025**.

Sincerely,

Jingjing Ye Bennett

**Jingjing Ye**
Managing Attorney
Ye & Associates, P.C.
Tel: (469)410-5232
Email: jye@yefirm.com