IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID AUSTIN ROSES LIMITED,<br><br>  Plaintiff,<br><br>  v.<br><br>GCM RANCH LLC; MIO REN;<br>SPROUTIQUE LLC d/b/a ZEPHYR<br>GARDEN; YUANYUAN LIU; FEIFEI<br>ZHUO; and JOSE JAIMES,<br><br>  Defendants. | C.A. No. 3:24-cv-00882-B |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO AMEND SCHEDULING ORDER</u>**

i

**TABLE OF CONTENTS**

I.    Introduction..................................................................................................... 1

II.   Argument ......................................................................................................... 2

      A.   Plaintiff lacks sufficient evidence to proceed with expert discovery despite its
           diligent efforts............................................................................................ 2

           1.   The evidentiary record is insufficient for the case to proceed ...........................2

           2.   Defendants have not produced the requested information necessary for
                the case to proceed.................................................................................4

           3.   Third-party documents do not cure the evidentiary deficiencies........................6

      B.   Defendants' request for a 21-day extension of response deadlines in pending
           motions is fundamentally different than Plaintiff's request to amend the
           schedule ...................................................................................................... 7

      C.   Defendants' argument that more discovery is futile or unwarranted is meritless......... 8

      D.   Defendants' counterproposal does not address the issues with the schedule
           that Defendants have caused through their refusal to provide discovery
           responses..................................................................................................... 10

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Banks v. Spence,*
  114 F.4th 369 (5th Cir. 2024) ...........................................................................................1

*S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA,*
  315 F.3d 533 (5th Cir. 2003) .............................................................................................1

**Statutes**

35 U.S.C. § 163.....................................................................................................................9

**Other Authorities**

FRCP 16(b)(4) ......................................................................................................................1

FRCP 26(b)(5)(B) ................................................................................................................1

ii

## I.    Introduction

Defendant's Response in Opposition to Plaintiff's Motion to Amend the Scheduling

Order (ECF No. 132; "Opposition"),[1] while lengthy, fails to provide any plausible arguments that

address the real issues relevant to Plaintiff's Motion to Amend the Scheduling Order (ECF No.

126; "Motion").   The parties' respective briefs demonstrate that they agree upon the relevant

standard governing a motion to amend case deadlines, namely the good cause standard of FRCP

16(b)(4).  (ECF No. 126 at 4; ECF No. 132 at 14).[2]  "The good cause standard requires the party

seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the

party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (quoting *S&W*

*Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Plaintiff's Motion clearly satisfies the good cause standard.  Plaintiff does not have the

discovery necessary to move forward in this case despite its diligent efforts to obtain such

discovery for many months, as detailed in the Motion and in Plaintiff's first Motion to Compel

(ECF No. 107 at 1-4 and 107-4).  Defendants' Opposition does nothing to demonstrate

otherwise.  It does not refute Plaintiff's diligent efforts, nor does it plausibly allege that Plaintiff

---

[1] Defendants filed a Response in Opposition to Plaintiff's Motion to Amend the Scheduling Order on April 24, 2026, as ECF No. 130.  That brief included a discussion of certain documents that Plaintiff had inadvertently produced during discovery and then clawed back pursuant to FRCP 26(b)(5)(B) and Paragraphs 9-10 of the Protective Order in this case (ECF No. 46).  (*See* Ex. AA).  ECF No. 130 also attached those documents as Ex. D to the filing.  Pursuant to FRCP 26(b)(5)(B), Defendants "must not use or disclose the information" in the clawed back documents, but rather "must promptly return, sequester, or destroy the specified information and any copies it has."  Immediately upon discovering the issue, Plaintiff's counsel alerted Defendants' counsel to this violation of the rules, insisting that Defendants file a redacted brief that does not disclose or rely upon the contents of those privileged documents.  (*See* Ex. BB).  In response, Defendants' counsel filed the Redacted Opposition Brief (ECF No. 132) and filed a Motion to Restrict Public Access to ECF No. 130 (ECF No. 135).  Restricting public access is not sufficient, however, as that privileged information may not be relied upon by Defendants or the Court.  Instead, ECF 130 should be stricken from the record.

[2] References to page numbers in as-filed documents are to the page number in the ECF header.

1

has received all of the evidence that it has reasonably requested, is entitled to, and needs to move forward with this case.  Moreover, Defendants' Opposition does not demonstrate any prejudice Defendants will suffer if Plaintiff's Motion is granted.

Instead, Defendants' Opposition provides a lengthy discussion of largely irrelevant issues and then argues that, despite Plaintiff's diligence and Defendants' failure to provide the requested—and necessary—discovery, Plaintiff should be forced to proceed on the existing evidentiary record.  For the reasons set forth in Plaintiff's Motion, that would result in extreme prejudice and manifest injustice to Plaintiff.  As such, Plaintiff's Motion should be granted and the schedule should be amended to allow the parties sufficient time to complete discovery, including any follow-up discovery that is needed once Plaintiff is finally provided, and is able to analyze, the information that it has been requesting for many months.

## II.    Argument

### A.    Plaintiff lacks sufficient evidence to proceed with expert discovery despite its diligent efforts

Plaintiff's Motion details the diligent efforts that it took throughout the entire window of discovery to try to secure the information it needs to proceed with its case.  Defendants' Opposition does not dispute those diligent efforts.  Instead, Defendants' Opposition suggests that the parties should simply resolve the case "on the existing evidentiary record."  (ECF No. 132 at 13; *see also* ECF No. 132 at 15-19).  However, as Defendants are well aware, there is not a sufficient evidentiary record on which the case can proceed at this time.

#### 1.    The evidentiary record is insufficient for the case to proceed

Defendants' Opposition suggests that discovery has progressed sufficiently to allow the case to proceed.  *Id*.  However, the parties' previous joint filing shows that Defendants are fully aware of the insufficient evidentiary record.  On February 19, 2026, the parties filed a Joint

2

Motion to Amend the Scheduling Order (ECF No. 101), which the Court granted, thereby moving the date to serve opening expert designations and reports to May 8, 2026. (ECF No. 102). In that Joint Motion, the parties agreed there was need to move back expert report dates for the following reasons:

> [F]act discovery has not progressed to a point that is sufficient to allow expert discovery to begin in an effective manner, nor has it progressed to a point that allows for a meaningful mediation process to occur. There is significant discovery that remains outstanding that is required to allow those aspects of the case to proceed meaningfully. Accordingly, the parties jointly request an extension of the expert discovery deadlines listed below, as well as the deadline to complete mediation.

(ECF No. 101 at 1).

As stated in the Motion, discovery has not progressed since the time of that joint filing. Defendants' Opposition does not dispute that fact. The documents and interrogatory responses that were missing at that time are still missing today. In fact, Plaintiff was forced to file two Motions to Compel since that time as a result of Defendants' continued refusal to provide fulsome discovery responses, as detailed in those motions. (ECF Nos. 107 and 118). Thus, Defendants' own statement (in the joint motion) directly refutes its current argument that there is sufficient discovery to proceed.

As one key example of missing information, as discussed in the Motion and in Plaintiff's Motions to Compel, Plaintiff still does not have complete sales records or answers to key interrogatories regarding the source, inventory, and disposition of the allegedly infringing plants. (ECF Nos. 106, 118). That information was requested starting in August 2025. Despite Plaintiff's requests starting in August 2025, Defendants have consistently stonewalled these discovery requests and now essentially ask that Plaintiff be forced to proceed without this highly relevant, and necessary, information.

3

With regard to documents in the possession of the third-party platforms, on April 21, 2026, Magistrate Judge Horan denied Defendants' Motion to Quash Subpoenas and, in the Alternative, for Protective Order.  (ECF Nos. 60, 61, and 129).  Plaintiff immediately contacted Etsy and Shopify (Ex. CC), on whom Plaintiff had served subpoenas for documents in September, and who had been withholding production pending resolution of the Motion to Quash.  However, despite Plaintiff's diligence, it has not yet received those documents, and may not receive them for several more weeks.  Thus, Defendants' argument that, as a result of the denial of Defendants' Motion to Quash, Plaintiff now "has, or is actively receiving, exactly what they need" is not accurate.  (ECF No. 132 at 19).

Defendants' Opposition also asserts that, "[i]nstead of diligently developing the evidentiary record, Plaintiff has prioritized motion practice over fact-finding."  (ECF No. 132 at 15).  The reality is that Plaintiff's motion practice is part of its diligent discovery efforts, which was necessitated by Defendants' refusal to provide discovery.  Rather than give Plaintiff the requested discovery, Defendants have made Plaintiff go through motion practice.  As this all demonstrates, and as Defendants' told the Court back in late February, "fact discovery has not progressed to a point that is sufficient to allow expert discovery to begin in an effective manner … [because] [t]here is significant discovery that remains outstanding that is required . . ."  (ECF No. 101 at 1).  As such, an amendment to the schedule is needed.

### 2.    Defendants have not produced the requested information necessary for the case to proceed

In their Opposition, Defendants make several statements or suggestions that the information Plaintiff needs to proceed with its case has been provided.  This is objectively false.  Defendants claim they "have produced their existing sales records and vendor ledgers." (ECF No. 132 at 12).  This is not accurate.  In fact, Defendants admit in their Opposition to Plaintiff's

4

First Motion to Compel that the complete sales records have <u>not</u> been produced, which they justify based on the fact that Plaintiff will receive those documents from the third-party platforms (pursuant to the subpoenas that Defendants sought to quash).  (ECF No. 117 at 23).

The fact that Defendants have not yet produced all sales records is also shown in Defendants' Opposition brief itself.  Defendants' Opposition asserts that they have "produced highly meaningful records" during discovery, listing the specific records they have produced. (ECF No. 132 at 17-18).  Notably, what Defendants do <u>not</u> list is the information Plaintiff is moving to compel, such as sales records from the other online platforms (Shopify and Goairmart) and information regarding the source, inventory, and disposition of the allegedly infringing plants.  (*See* ECF No. 106).

Moreover, as discussed in detail in Plaintiff's first Motion to Compel (ECF Nos. 107 at 12, 16), even the Etsy records that were produced are incomplete, as they are missing the transliterations of the asserted trademarks, which is a key component of the trademark infringement dispute.  The Etsy records that Defendants produced are lacking all customer information, so it remains unknown to Plaintiff to where/whom those infringing roses were disposed.  (ECF No. 132-3 at GCM-000004-000011).  All of this information, which Plaintiff has been seeking for over eight months and which Defendants have improperly withheld, is important to Plaintiff's case.

Defendants also claim they have "fully responded to three sets of Plaintiff's Interrogatories, serving original and multiple supplemental responses. (Ex. B, Defs.' Resps. to Pl.'s Interrogs.)."  (ECF No. 132 at 16).  First and foremost, this statement by Defendants is misleading, at best, since Plaintiff has served <u>four</u> sets of interrogatories.  Defendants never responded to Plaintiff's fourth set of interrogatories (Interrogatory Nos. 9 and 10), which left

Plaintiff with no other option but to file its Second Motion to Compel on April 6, 2026, to compel responses.  (ECF No. 118).

Moreover, even with regard to the first three sets of interrogatories, Defendants' statement that it "fully responded" is objectively false.  Defendants did not substantively respond to Interrogatory Nos. 5 and 6, which is why these are the subject of Plaintiff's first Motion to Compel.  (ECF No. 106).  In fact, in Defendants' Opposition to Plaintiff's First Motion to Compel (ECF No. 117), Defendants admit that they have not fully responded to Interrogatory No. 5, stating that they will defer their response to "Interrogatory No. 5 until the close of discovery."  (ECF No. 117 at 10).  So, while Defendants now argue that they have "fully responded," their previous assertions again demonstrate otherwise.

### 3. Third-party documents do not cure the evidentiary deficiencies

In a further attempt to demonstrate that there are no discovery deficiencies, throughout Defendants' Opposition they claim that because "Plaintiff is currently cleared to obtain the native backend sales data directly from the Shopify, Goairmart, and Etsy Platforms" Plaintiff "possesses, or is actively receiving, the data necessary for its experts regarding damages."  (ECF 132 at 12-13).  Because of this, Defendants argue that "Plaintiff's damages expert already has, or is actively receiving, exactly what they need."  (ECF No. 132 at 19).  However, as discussed above, to date Plaintiff does not have any such information from those despite Plaintiff's diligence in attempting to obtain it.  Moreover, even if those documents had been received from the third-party platforms, documents from third parties cannot possibly cure all of the discovery deficiencies, as certain information must come from Defendants themselves, such as information about the source and inventory of infringing plants.

**B.**    **Defendants' request for a 21-day extension of response deadlines in pending motions is fundamentally different than Plaintiff's request to amend the schedule**

Defendants' Opposition criticizes Plaintiff's Motion and its request for a five-month extension of all scheduled deadlines based on the fact that Plaintiff recently opposed a request from Defendants' counsel for a 21-day extension of response deadlines in pending motions. (ECF No. 132 at 13, 25-26). Defendants appear to be suggesting that these two requests are somehow comparable. They are not.

Defendants' Opposition includes a quote from Ms. Bennett's email regarding her requested extension, stating: "To ensure [my] client is not prejudiced during this transition [of counsel], I formally requested a 21-day extension for [my] client … to provide the requested responses." This was a request to extend Defendants' deadlines to respond to outstanding discovery and pending motions. (ECF No. 132 at 13). This extension of Defendants' response deadlines would do nothing to address the scheduling issues that Plaintiff's Motion addresses, therefore Defendants' request was fundamentally different than what Plaintiff is now seeking.

Plaintiff's Motion does not ask that either party be excused from timely responding to any pending motions or discovery requests, which would further delay progress of the case. To the contrary, Plaintiff is seeking an extension of all dates in the Scheduling Order to allow for fact discovery to be sufficiently completed such that meaningful expert discovery can begin, and then to allow for an orderly progression of the case from that point forward. This request was necessitated by Defendants' consistent and continuing refusal to participate in discovery and the lengthy delays that has caused. What Defendants were requesting would have had the opposite effect to what Plaintiff's Motion is seeking to accomplish. Defendants' requested delay would not have solved the current scheduling issues, but would have made them worse, as it would have created further delays in fact discovery and thus would have further impacted all

7

downstream deadlines.  Thus, any suggestion that Plaintiff was being hypocritical in rejecting Defendants' requested delay while seeking an amended schedule is misplaced.

Defendants' Opposition also identifies Defendants' other "proposal," which was "'mutual withdrawal of all pending discovery motions to restore the status quo' to allow discovery to proceed without burdening the Court."  (ECF No. 132 at 13).  Again, this clearly does not address the discovery and scheduling issues Plaintiff has raised.  Instead, it asks Plaintiff to simply ignore the fact that Defendants have refused to provide complete discovery responses and to move forward on an incomplete record.  This "proposal" is laughable.

### C.    Defendants' argument that more discovery is futile or unwarranted is meritless

Defendants' Opposition includes a lengthy argument that further discovery relating to Plaintiff's patent claims is "Futile" because they "Are Legally Unprovable" and that further discovery on Plaintiff's trademark claims is "Unwarranted" because they "Are Subject to Dispositive Defenses."  (ECF No. 132 at 19, 22).  This argument appears to miss the point—or perhaps proves the point—of Plaintiff's Motion.

Defendants are effectively arguing that Plaintiff does not have enough evidence to prove its case at this time and, because of that, Plaintiff should not be given any further discovery. This argument is both circular and ludicrous.  The fact that Plaintiff has not yet been able to obtain sufficient discovery would not make further discovery "futile" or "unwarranted," but rather it demonstrates exactly why further discovery is necessary.  That "further" discovery— which is largely just Defendants providing fulsome responses to the requests Plaintiff served many months ago—is what will allow Plaintiff to establish the elements of its case.  That is not futility, but rather it is the very purpose of the discovery process.  Thus far, Defendants have refused to provide fulsome responses (written and documentary) to Plaintiff's discovery requests.

Additionally, Defendants' argument essentially treats its Opposition as if it is an argument for summary judgment, arguing the merits of their case based on their view of the discovery record as it stands today. Such arguments are irrelevant in regard to the present Motion. The strength or weakness of Defendants' defenses to patent or trademark infringement is completely irrelevant to the question of whether the present schedule needs to be extended to allow discovery to proceed. As such, the majority of Defendants' arguments in this regard do not warrant a response. However, Defendants' argument does misstate the elements of plant patent infringement, which Plaintiff does feel needs to be addressed herein.

Defendants assert that "[e]vidence of independent importation of plants from third-party vendors contradicts the legal requirement of asexual reproduction by Defendants." (ECF No. 132 at 20). This is not the legal requirement for plant patent infringement. 35 U.S.C. § 163 provides: "In the case of a plant patent, the grant shall include the right to exclude others from asexually reproducing the plant, *and from using, offering for sale, or selling the plant so reproduced, or any of its parts, throughout the United States, or from importing the plant so reproduced, or any parts thereof, into the United States*." 35 U.S.C. § 163 (emphasis added). Accordingly, Defendants need not be the party doing the asexual reproduction—if they use, offer for sale, sell, or import the asexually reproduced plant or any part, that is an act of infringement.

Defendants' Opposition also states: "In plant patent cases, a plaintiff cannot establish infringement without DNA results demonstrating physical derivation." (ECF No. 132 at 12). Defendants provide no citation in support of this, and indeed this is not the law. Plaintiff can proceed forward with its case without DNA, for example, by relying on documentary records and/or phenotypic analysis of plants. Defendants' assertion is simply incorrect.

9

Defendants' futility arguments also assert that "Plaintiff cannot obtain the physical DNA samples required to prove its claims" because "Defendants' online business is permanently closed and all physical inventory is gone." (ECF No. 132 at 12, 21).  This is quite surprising since, to date, Defendants have not stated in a verified discovery response either that their online stores are closed, which is responsive to Interrogatory No. 1, or that they have no inventory of plants remaining, which is responsive to Interrogatory No. 6.  (ECF Nos. 107-11; 107-16; 107-17; 107-18).  Plaintiff needs this type of information to determine how to proceed with its case, and the discovery process is how Plaintiff obtains that information.  This again demonstrates that the schedule needs to be extended to allow time for Defendants to provide complete discovery responses so that Plaintiff can properly prepare its case.

> **D.** **Defendants' counterproposal does not address the issues with the schedule that Defendants have caused through their refusal to provide discovery responses**

Defendants' Opposition concludes with a "counterproposal" seeking a "stay [of] all discovery and scheduling deadlines for 30 days."  (ECF No. 132 at 26).  Defendants' Opposition specifically identifies the ways that its counterproposal will benefit Defendants and their counsel, namely by "[a]llowing the Court sufficient time to issue a ruling on [Ms. Bennett's] pending Motion to Withdraw" and "[a]ffording Defendants the necessary time to effectuate an orderly transition to substitute counsel … without suffering procedural prejudice."  (ECF No. 132 at 26-27).  Defendants' counterproposal asks that, at the end of the 30-day stay period, the remaining deadlines proceed based on the existing schedule and that Plaintiff be required to proceed on just the evidence that it has obtained to date.  (ECF No. 132 at 27).  Such a counterproposal is clearly designed to benefit Defendants without any regard to the discovery and scheduling issues that Plaintiff has identified and is seeking to correct, and will result in severe prejudice to Plaintiff. Defendants' counterproposal should be denied and Plaintiff's Motion should be granted.

Respectfully submitted,

Dated: <u>April 28, 2026</u>

<u>/s/ Travis W. Bliss</u>
Samuel E. Joyner (Texas Bar No. 24036865)
Amy E. LaValle (Texas Bar No. 24040529)
FROST BROWN TODD LLP
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473
sjoyner@fbtlaw.com
alavalle@fbtlaw.com

OF COUNSEL:

Travis Bliss (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Telephone: (302) 394-6030
Facsimile: (215) 965-1331
tbliss@panitchlaw.com
*Attorneys for Plaintiff*
*David Austin Roses Limited*

11

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document, *Plaintiff's Reply to Motion to Amend the Scheduling Order*, via the Court's CM/ECF system.

Dated: <u>April 28, 2026</u>                    <u>*/s/ Travis W. Bliss*</u>
                                   Travis Bliss (*pro hac vice*)

1