# Exhibit BB

| | |
|---|---|
| **From:** | Travis W. Bliss |
| **To:** | Jingjing Ye Bennett |
| **Cc:** | Samuel Joyner; Dana A. McCall; Erika S. Delaneau; Amy LaValle; Ava E. Lutz |
| **Subject:** | RE: Meet and Confer: Discovery Motions & Scheduling [IMAN-ACTIVE.FID1426187] |
| **Date:** | Friday, April 24, 2026 1:06:52 PM |
| **Attachments:** | DAR v. GCM Ranch Claw back of certain inadvertently produced work product documents IMAN-ACTIVE.FID1426187.msg |

Dear Jingjing,

With regard to your Item #1, we understand that you are no longer seeking a Sur-Reply, and we are in agreement with that.

With regard to your Item #2, we agree to the requested 3-day extension, which we believe makes the filing deadline April 30, 2026.

With regard to your Item #3, we do not oppose a motion to file Defendants' documents under seal. But your reliance on Plaintiff's privileged documents and your attempt to file those with the Court is a much more problematic issue, which is addressed in detail below.

In reviewing Defendants' Response in Opposition to Plaintiff's Motion to Amend Scheduling Order (ECF No. 130) we identified a very clear and concerning breach of the Federal Rules which needs to be immediately addressed. At pages 7-8 of your brief, you have included a detailed discussion of certain privileged documents that Plaintiff inadvertently produced and then subsequently clawed back. Your brief and your email below also indicate that you intend to submit these to the court as Exhibit D to your brief.

To make your reliance on these documents even more concerning, it is clear that you are aware of the privileged nature of these documents. Your brief specifically references the fact that Plaintiff clawed back these privileged documents, stating "Mr. Bliss attempted to claw back approximately 50 of these 11 documents." (As you know, Plaintiff did not merely "attempt" to claw these back, but in fact did so.) And your email below even states that these are documents that have been designated as privileged by Plaintiff.

As you are no doubt aware, and as we indicated in the initial claw back email (attached hereto for your convenience), pursuant to FRCP 26(b)(5)(B), "Defendants 'must promptly return, sequester, or destroy the specified information and any copies it has' and 'must not use or disclose the information.'" Thus, your use of those privileged documents in your brief and your attempt to disclose them by submitting them as an Exhibit to your brief are clear violations of the Federal Rules of Civil Procedure. These violations are particularly egregious given that your brief discusses the content of those privileged documents and attaches them as exhibits. Thankfully, you have not yet filed the documents with the court, so currently the record only includes your discussion of these documents and the placeholder cover page for the exhibit.

In view of the above, we demand that you immediately withdraw your opposition brief and

submit a revised brief that redacts all discussion of those privileged documents and any analysis and/or conclusions based thereon, and that also removes Exhibit D.  To be clear, this is not an opportunity for you to redraft your brief, but rather the brief should be resubmitted with all offending language redacted and the original brief should be stricken from the record. Given the sensitivity of this issue, this should be done immediately and by no later than close of business today.  Additionally, given the sensitivity, please confirm by 2:00 Central time today whether you will take the necessary corrective action so we can proceed accordingly if you refuse.

Best regards,
Travis

---

**From:** Jingjing Ye Bennett <jye@yefirm.com>
**Sent:** Friday, April 24, 2026 12:38 PM
**To:** Ava E. Lutz <ALutz@panitchlaw.com>
**Cc:** Travis W. Bliss <TBliss@panitchlaw.com>; Samuel Joyner <sjoyner@fbtlaw.com>; Dana A. McCall <DMcCall@panitchlaw.com>; Erika S. Delaneau <EDelaneau@panitchlaw.com>; Amy LaValle <alavalle@fbtlaw.com>
**Subject:** Re: Meet and Confer: Discovery Motions & Scheduling

**External Email:** USE CAUTION.



Ex. C.pdf

Ex. D.pdf

Dear Travis,

Since our last meet-and-confer on April 17 (where Ava spoke on your behalf) and following the Court's subsequent rulings on the five pending motions, we are updating our position as follows:

1. **Sur-Reply:** In an effort to reduce docket congestion, Defendants will **not** file a Motion for Leave to File a Sur-Reply regarding the first Motion to Compel.
2. **Extension:** We will seek a brief **3-day** extension to respond to the Second Motion to Compel (ECF No. 118).
3. **Sealing of Productions:** We are filing a Motion for Leave to File Under Seal regarding both Defendants' and Plaintiff's productions (specifically the materials the Parties have designated as privileged/confidential, including the photographs subject to Plaintiff's December 23 clawback). Attached for your review are the

specific production sets we intend to file under seal.

Based on our April 17 meet-and-confer, we understand that Plaintiff does not oppose these procedural steps. If your position has changed, please let us know **today by 3:00 PM EST**. If we do not hear from you by then, we will proceed with these filings as unopposed.d

Best regards,

**JINGJING YE BENNETT**
Managing Attorney
**Ye & Associates, P.C.**


On Fri, Apr 17, 2026 at 1:55 PM Ava E. Lutz <[ALutz@panitchlaw.com](mailto:ALutz@panitchlaw.com)> wrote:

> Hello Jingjing,
>
> Travis is currently out of the country. I have been in touch with him regarding your requests and am responding on his behalf.
>
> 1. **Motion for Leave to File Sur-Reply:** We cannot determine whether we oppose this motion without more information about the factual issues that Defendants intend to address. Could you please provide more information regarding these specific factual issues and why a sur-reply is needed?
>
> 2. **7-Day Extension for Response to Second Motion to Compel (Doc. 118):** We do not oppose your requested extension.
>
> 3. **Filing Under Seal:** We do not oppose you filing under seal documents from the parties' productions designated Confidential and AEO in upcoming motions.
>
> Please note that because Travis is out of the country, our communications may be delayed.
>
> Best,
> Ava

Ava E. Lutz
Associate
302-394-6022
www.panitchlaw.com

---

**From:** Jingjing Ye Bennett <jye@yefirm.com>
**Sent:** Friday, April 17, 2026 1:48 PM
**To:** Travis W. Bliss <TBliss@panitchlaw.com>; Ava E. Lutz <ALutz@panitchlaw.com>; Joyner, Samuel E. <sjoyner@fbtgibbons.com>; Dana A. McCall <DMcCall@panitchlaw.com>; LaValle, Amy E. <alavalle@fbtlaw.com>
**Subject:** Meet and Confer: Discovery Motions & Scheduling

**External Email:** USE CAUTION.

Dear Travis

Pursuant to Local Rule 7.1, please let me know your position on the following by **5:00 PM (CDT) Today, April 17, 2026**:

1. **Motion for Leave to File Sur-Reply:** Does Plaintiff oppose Defendants filing a Sur-Reply to address factual issues raised in Plaintiff's Reply (Doc. 123)?
2. **7-Day Extension for Response to Second Motion to Compel (Doc. 118):** Does Plaintiff oppose a 7-day extension for Defendants to respond to the Second Motion to Compel, moving the deadline from April 27 to May 4, 2026? This request is necessitated by today's Court Order requiring Defendants to file an expedited response to your Motion to Amend (Doc. 126) by April 23.
3. **Filing Under Seal:** Does Plaintiff oppose the parties' production documents labeled as Confidential and AEO under seal in upcoming motions?

If I do not hear from you by the deadline, I will proceed with the filings as opposed.

Best regards,

**JINGJING YE BENNETT**
Managing Attorney
**Ye & Associates, P.C.**
3400 N Central Expy Suite 110-321
Richardson, TX 75080
jye@yefirm.com

NOTICE: This email, including any attachments, may contain privileged, confidential,

and protected information intended only for the use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe this email has been sent to you in error, please notify the sender immediately by reply email and permanently delete this email and any attachments without reading, forwarding, printing, copying, or saving them in any manner. The integrity and confidentiality of this email should be maintained notwithstanding the erroneous transmission to an unintended recipient. The sender's confidentiality duties and obligations remain unchanged.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.