# Exhibit CC

| | |
|---|---|
| **From:** | Ava E. Lutz |
| **To:** | Etsy Support |
| **Cc:** | Travis W. Bliss; Erika S. Delaneau |
| **Bcc:** | "690043_0009__DAVID AUSTIN ROSES LTD__AV__DISPUTE WITH ERGONZI REGARDING TRADEMARK AND COPYRIGHT USAGE E_Mails" |
| **Subject:** | RE: [Etsy] Re: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Schedule A |
| **Date:** | Wednesday, April 22, 2026 4:36:06 PM |
| **Attachments:** | 2025.09.23 - Etsy Subpoena with Schedules.pdf |
| | 2026.04.21 - [129] Electronic Order on Pending Discovery Motions.pdf |
| | 2025.07.22 - [045] Protective Order(20014144.1).pdf |

Dear Sage,

Yesterday, April 21, 2026, the Court entered the attached Electronic Order (ECF No. 129) in the matter of *David Austin Roses Limited v. GCM Ranch LLC et al.*, Case No. 3:24-cv-00882-B (N.D. Tex.), denying the Defendants' (GCM Ranch LLC's and Mio Ren's) Motion to Quash Subpoenas and, in the Alternative, for Protective Order (ECF Nos. 60-61). The Order states: "And the Court denies GCM Defendants' Motion to Quash Subpoenas and, in the Alternative, for Protective Order [Dkt. Nos. 60 & 61]."

With regard to the Defendants' alternative request for a Federal Rule of Civil Procedure 26(c) protective order, the Court explained in its Order that "Defendants have not shown good cause to prevent discovery of business information under Rule 26(c)(1)(G) where a confidentiality-related protective order is already available to protect this information. And the Court is persuaded that the requests at issue are not facially overbroad and are proportional to the needs of the case relative to their relevance and what's at issue and at stake here."

**Accordingly, we request that you now comply with the subpoena dated September 23, 2025, a copy of which is attached hereto for your convenience. Please produce all responsive documents and information. If you have any questions, please do not hesitate to contact us.**

Also reattached for your convenience is the protective order that was entered in this case on July 22, 2025—prior to Defendants' Motion to Quash Subpoenas and, in the Alternative, for Protective Order.

Thank you,
Ava

Ava E. Lutz
Associate
302-394-6022
www.panitchlaw.com

---

**From:** Travis W. Bliss <TBliss@panitchlaw.com>
**Sent:** Tuesday, October 14, 2025 9:29 PM
**To:** Etsy Support <support+id02E2V7-DE34R@etsy.zendesk.com>
**Cc:** Ava E. Lutz <alutz@panitchlaw.com>
**Subject:** RE: [Etsy] Re: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Schedule A

Dear Sage,

Thank you for providing this update.  We will be opposing this motion to quash in due course and we are confident the court will deny the motion.  We will send you the relevant court decision when we receive it so that you can produce the requested documents.  I apologize for this unnecessary complication.

Best regards,
Travis

---

**From:** Etsy Support <support@etsy.zendesk.com>
**Sent:** Tuesday, October 14, 2025 5:08 PM
**To:** Travis W. Bliss <TBliss@panitchlaw.com>
**Subject:** [Etsy] Re: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Schedule A

**External Email:** USE CAUTION.

Your request #21295400 with Etsy Support has been updated. To add additional comments please visit https://help.etsy.com/hc/requests/21295400 or simply reply to this email, or view your other requests at https://help.etsy.com/hc/requests

Thanks, Etsy Support

---

**Sage (Etsy)**

Oct 14, 2025, 5:07 PM EDT

Dear Travis,

We are in receipt of an objection to your subpoena dated September 23, 2025s. While we await an order from the Court respecting this motion, we cannot disclose the requested information. Please let us know once the Court has made a ruling so we can take further action on our part. Etsy does not waive and expressly reserves any rights and objections. You can find a copy of this objection at the secure link below:

https://etsy.sendsafely.com/receive/?thread=6VZB-ZTV9&packageCode=kQ40gvbITc2qOc6OAXqVpHZciQ4A164s4QohTBHwdlI#keyCode=zTT_ltu25EAEIO9VZpEbGxUx6dPK-Wyw_YqjZnQm_3o

Kind Regards,
Sage
Etsy

---

**Sage (Etsy)**

Oct 6, 2025, 5:50 PM EDT

Hello,

The requested response will be provided to you via email. As part of Etsy's commitment to protect member security, we use SendSafely to provide an encrypted, secure way to send information

Kind Regards,
Sage
Etsy

---

**Travis Bliss**

Oct 6, 2025, 5:38 PM EDT

Dear Sage,
Thank you for the quick reply.  We will certainly agree to a two-week extension of time to allow Etsy time to gather the required documents to comply with the request.  We look forward to receiving the requested documents by October 24, 2025.  Can you also confirm whether you will provide the documents electronically via email or share site?

Thank you for your continued attention to this matter.

Best regards,

Travis

---

### Sage (Etsy)

Oct 6, 2025, 4:49 PM EDT

Hello,

Thank you for your email. We confirm receipt of your request, and will provide our response electronically. Given the current volume of requests and to comply with our obligations, we request a two week extension until October 24, 2025.

Kind Regards,
Sage
Etsy

### Travis Bliss

Oct 6, 2025, 9:51 AM EDT

Further to the recent subpoena, which has been assigned reference number 21295400, I write to note that electronic delivery of documents would be preferred. If you can send the requested documents by email to tbliss@panitchlaw.com or upload them on a share site from which we can download the documents, that would be preferred as it should simplify the process for both Etsy and us. Please let me know if this is possible and, if so, how the documents will be provided. Further, if you can please provide an update on timing of delivery of the requested documents, that would be appreciated.

Best regards,
Travis

**Travis W. Bliss, Ph.D.** | **Partner**
**Panitch Schwarze Belisario & Nadel LLP**
**Intellectual Property Law**
TBliss@panitchlaw.com
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
(302) 394-6002 Direct
(302) 394-6030 Main
www.panitchlaw.com| bio | v-card | LinkedIn

| | |
|---|---|
| **From:** | Ava E. Lutz |
| **To:** | "legal-orders@shopify.com" |
| **Cc:** | Travis W. Bliss; Erika S. Delaneau |
| **Bcc:** | "690043_0009_DAVID AUSTIN ROSES LTD _AV_DISPUTE WITH ERGONZI REGARDING TRADEMARK AND COPYRIGHT USAGE E_Mails" |
| **Subject:** | RE: Shopify Legal Access Request [ID: 58c98984-dc9d-4cc7-8311-8510542e9ceb] |
| **Date:** | Wednesday, April 22, 2026 4:45:49 PM |
| **Attachments:** | 2026.04.21 - [129] Electronic Order on Pending Discovery Motions.pdf |
| | Shopify Inc. subpoena(20071710.1).pdf |
| | 2025.07.22 - [045] Protective Order(20014144.1).pdf |

Hello,

Yesterday, April 21, 2026, the Court entered the attached Electronic Order (ECF No. 129) in the matter of *David Austin Roses Limited v. GCM Ranch LLC et al.*, Case No. 3:24-cv-00882-B (N.D. Tex.), denying the Defendants' (GCM Ranch LLC's and Mio Ren's) Motion to Quash Subpoenas and, in the Alternative, for Protective Order (ECF Nos. 60-61). The Order states: "And the Court denies GCM Defendants' Motion to Quash Subpoenas and, in the Alternative, for Protective Order [Dkt. Nos. 60 & 61]."

With regard to the Defendants' alternative request for a Federal Rule of Civil Procedure 26(c) protective order, the Court explained in its Order that "Defendants have not shown good cause to prevent discovery of business information under Rule 26(c)(1)(G) where a confidentiality-related protective order is already available to protect this information. And the Court is persuaded that the requests at issue are not facially overbroad and are proportional to the needs of the case relative to their relevance and what's at issue and at stake here."

**Accordingly, we request that you now comply with the subpoena dated September 23, 2025, a copy of which is attached hereto for your convenience. Please produce all responsive documents and information. If you have any questions, please do not hesitate to contact us.**

Also reattached for your convenience is the protective order that was entered in this case on July 22, 2025—prior to Defendants' Motion to Quash Subpoenas and, in the Alternative, for Protective Order.

Thank you,
Ava



Ava E. Lutz
Associate
302-394-6022
www.panitchlaw.com

---

**From:** Shopify <legal-orders@shopify.com>
**Sent:** Friday, October 10, 2025 5:30 PM

**To:** Ava E. Lutz <alutz@panitchlaw.com>
**Cc:** Travis W. Bliss <TBliss@panitchlaw.com>
**Subject:** Re: Shopify Legal Access Request [ID: 58c98984-dc9d-4cc7-8311-8510542e9ceb]

**External Email:** USE CAUTION.

Hello,

We are following up on your request for information.

We have interpreted your request consistent with Shopify's Guidelines for Legal Requests for Information and corresponding Whitepaper.

You can find enclosed the information in our custody and control that is responsive to your request. **Please note that this link expires after 30 days.**

Consistent with applicable law, this information must be kept confidential. Shopify should be notified, and given the opportunity to object, prior to any information being made public.

Regarding the request for information for GCM Ranch LLC, the merchants have advised us that they do not consent to the production of their information at this time and intend to file a motion to quash or a protective order. In light of the merchant's objection, we will be deferring the production until the court rules on their motion or rejects the filing.

Related to your request for customer information (request 1c. 3-5), Shopify objects on the basis that these requests are overly burdensome. As a third-party service provider, Shopify should not be subjected to the burden and expense of producing data that is retrievable directly through inter-party discovery. The requested communications are available to you through discovery directly from the merchant, who is the appropriate party to produce these materials. Please see page 4 of our Whitepaper for more information.

For your request for customer reviews and feedback provided by users or purchasers (request 1d), we have produced the available Shop reviews where applicable. Regarding reviews, ratings, and customer disputes that are managed by third-party apps or directly by the merchant, Shopify objects on the basis that these requests are overly burdensome. Please direct your request to the third-party review app developers or the merchant to obtain this information.

As to your request for messages and correspondence sent or received through the Shopify platform (request 1e), Shopify objects on the basis that the request is unduly burdensome. As a third-party service provider, Shopify should not be subjected to the burden and expense of producing data that is retrievable directly through inter-party discovery. The requested communications are available to you through discovery directly from the merchant, who is the appropriate party to produce these materials.

Lastly, we identified additional merchant accounts that have registered addresses outside of Texas. As noted in our Guidelines for Legal Requests for Information and corresponding Whitepaper, Shopify will generally respond to a request if the requester is in the same jurisdiction as (1) the Shopify entity that holds the data, or (2) the targeted merchant.  To the extent this subpoena seeks information on merchants outside of Texas, Shopify objects on the basis of lack of jurisdiction.

Accordingly, Shopify is unable to process your request for these merchant accounts. The letters rogatory and/or mutual legal assistance treaty process may help you seek an order from a court with appropriate jurisdiction.

Please reply to this email if you have any questions.

Sincerely,

Shopify Regulatory

Request ID: 58c98984-dc9d-4cc7-8311-8510542e9ceb



151 O'Connor Street, Ground floor, Ottawa, ON, K2P 2L8