IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID AUSTIN ROSES LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-882-B |
| | § | |
| GCM RANCH LLC; MIO REN; | § | |
| SPROUTIQUE LLC D/B/A ZEPHYR | § | |
| GARDEN; YUANYUAN LIU; FEIFE | § | |
| ZHUO; and JOSE JAIMES, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTION TO WITHDRAW AND
MOTIONS TO COMPEL AND TO SEAL**

This order addresses multiple motions that Senior United States District Judge Jane J. Boyle has referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) – the Motion to Withdraw as Counsel [Dkt. No. 105], Plaintiff's Motion to Compel Responses to Interrogatory Nos. 5 and 6 and to Compel Production of Documents and Motion for Sanctions [Dkt. No. 106], Plaintiff's Motion to Compel Responses to Interrogatory Nos. 9 and 10 and Production of Documents Responsive to Plaintiff's Request for Production No. 25, and for Sanctions [Dkt. No. 118], and the pending motions to seal [Dkt. Nos. 108, 121, & 124].

Starting with the motion to withdraw filed by Defendants' counsel Jingjing Ye Bennett and Ye & Associates, P.C. ("Ms. Bennett"), Ms. Bennett explains that "withdrawal is necessitated by Defendants' substantial failure to fulfill the financial obligations of the representation agreement"; that, "[s]pecifically, Defendants have failed to timely and fully pay invoices starting in September 2025, resulting in a

substantial outstanding balance"; that she "has discussed this issue with Defendants for months" and that, "[s]ince early February 2026, [she] has advised Defendants to seek substitute counsel due to these ongoing financial issues and the resulting breakdown in the attorney-client relationship." Dkt. No. 105 at 2.

Plaintiff raises several objections to the motion including that it fails to comply with Local Civil Rule 83.12(a) – a deficiency that Ms. Bennett has remedied on reply – that the motion fails to demonstrate good cause, and that withdrawal will cause undue delay and disrupt this case. *See* Dkt. No. 112; *see also* Dkt. No. 113-1 (Defendants' declaration that, considered with the motion, satisfies the requirements of Local Civil Rule 83.12(a)).

A lawyer who agrees to represent a client is generally "expected to work through the completion of a case." *Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993); *accord Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987).

And attorneys may not withdraw as counsel of record until certain requirements are satisfied.

Ultimately, the question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation and quotation marks omitted).

The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client."

*Id.*

The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Intellipay*, 828 F. Supp. at 34 ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").

A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case. And, "[i]f a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. This is especially true where … an attorney seeks to withdraw over his client's objection." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted).

Although good cause to withdraw may exist where the client "refuses to pay for services," *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN Chile)*, 76 F.3d 658, 663 (5th Cir. 1996), the inquiry does not end there. Because, even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-cv-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)).

And, so, courts typically "consider certain additional factors before allowing an attorney to withdraw." *Id.* "Premier among these factors are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice." *Dorsey*

*v. Portfolio Equities, Inc.*, No. 3:04-cv-472-B, 2008 WL 4414526, at \*2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 634 F.2d at 882; *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)).

The Court understands that allowing Ms. Bennett to withdraw at this time will delay these proceedings. At a minimum, the Court must allow Defendant GCM Ranch LLC time to retain new counsel and have that counsel appear in this case, as it may not defend this suit *pro se. See, e.g., Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, No. 16-00196, 2016 WL 5416836 (W.D. La. Aug. 22, 2016) ("Under settled interpretations applicable to 28 U.S.C. § 1654, an LLC may not appear pro se or through a non-attorney in federal court.").

But the parties have addressed this reality in their briefing.

And, after considering their positions, the undersigned finds that the best course of action is to grant the motion to withdraw on the condition that, before she is allowed to withdraw, Ms. Bennett file on behalf of Defendants motions to seal on an expedited basis, as further explained below.

And, once Ms. Bennett is allowed to withdraw, the undersigned recommends that Judge Boyle extend the pretrial deadlines to allow Defendants a meaningful opportunity to retain new counsel and allow that counsel to appear in – and become familiar with – this case, with the hope that new counsel can work cooperatively with counsel for Plaintiff to resolve the parties' discovery disputes.

Based on this decision, the Court denies without prejudice the pending motions to compel [Dkt. Nos. 106 & 118]. Practically speaking, even if the Court were to

determine that those motions should be granted, at this point, Plaintiff will not be able to enforce them in the short term while Defendants are without counsel.

And, as to the unopposed motions to compel, one [Dkt. No. 121] should be granted because the information placed under seal is financial in nature. *Cf.* FED. R. CIV. P. 5.2(a)(4).

As for the other two [Dkt. Nos. 108 & 124], Plaintiff filed these motions to seal exhibits in support of its motions to compel and has based the need to seal these now-judicial records on that the exhibits contain information produced by Defendants in discovery that they designated as Confidential or Highly Confidential – Attorneys' Eyes Only under a stipulated protective order.

And, so, the Court understands that, although Plaintiff is the movant, Plaintiff did not produce or designate the information at issue, and Plaintiff has not shown – nor is it the party best positioned to show – why this information should remain under seal as a judicial record in satisfaction of the standard set forth in *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022), as well as *Le v. Exeter Finance Corp.*, 990 F.3d 410 (5th Cir. 2021), and *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993). *See, e.g.*, Dkt. No. 108 at 2 ("By making these designations, the GCM Defendants have asserted that these documents contain sensitive information – such as trade secrets, non-public financial data, internal business strategies, and other proprietary commercial information – that warrants protection from public disclosure.").

As another judge in this district has explained, "[l]itigants may very well have

a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c)"; "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record"; after parties have "conducted discovery under a Rule 26(c) protective order and marked various documents 'confidential,'" if a party then "wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in"; and, "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Carter v. Sw. Airlines Co.*, No. 3:17-cv-2278-X, 2022 WL 283025, at *1-*2 (N.D. Tex. Jan. 31, 2022) (cleaned up); *accord Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *9 (W.D. Tex. Mar. 1, 2022).

The Court therefore denies without prejudice the remaining motions to seal [Dkt. Nos. 108 & 124].

And the Court ORDERS Ms. Bennett on behalf of Defendants to file by **May 15, 2026** properly supported motions to seal in place of these motions.

Once those motions to seal are filed, the Court will grant Ms. Bennett's motion to withdraw.

And, so, in sum, the Court WITHHOLDS RULING on the Motion to Withdraw as Counsel [Dkt. No. 105], DENIES WITHOUT PREJUDICE Plaintiff's Motion to Compel Responses to Interrogatory Nos. 5 and 6 and to Compel Production of Documents and Motion for Sanctions [Dkt. No. 106] and Plaintiff's Motion to Compel

Responses to Interrogatory Nos. 9 and 10 and Production of Documents Responsive to Plaintiff's Request for Production No. 25, and for Sanctions [Dkt. No. 118], GRANTS the motion to seal [Dkt. No. 121], and DENIES WITHOUT PREJUDICE the motions to seal [Dkt. Nos. 121 & 124] but will keep the information that it seeks to seal conditionally under seal based on the Court's order that properly supported motions to seal this information be filed by **May 15, 2026**.

SO ORDERED.

DATED: May 7, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 7 -